The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY,

    Plaintiff,

v.

SK HYNIX AMERICA INC.,

    Defendant.

No. 2:17-cv-0467 RAJ

ORDER

This matter comes before the Court on Plaintiff Cypress Insurance Company's Motion for Leave to File Second Amended Complaint (Dkt. # 39) and Defendant SK Hynix America Inc.'s Motion to Seal (Dkt. ## 40, 41). For the reasons stated below, Plaintiff's Motion is **DENIED (**Dkt. # 39) and Defendant's Motion is **GRANTED in part and DENIED in part** (Dkt. ## 40, 41).

**I.  BACKGROUND**

Plaintiff Cypress Insurance Company ("Cypress") is an Arizona corporation with its principal place of business in Phoenix, Arizona. Dkt. # 34 at ¶ 1. From July 1, 2013 to July 1, 2014, Cypress insured Microsoft Corporation ("Microsoft"). *Id*. at ¶ 2. Defendant SK Hynix America, Inc. ("SK Hynix") is an electronic memory chip supplier with its principal place of business in San Jose, California. *Id*. at ¶¶ 4, 11. On August 19, 2004, SK Hynix entered into a contract with Microsoft to supply them with Dynamic Random Access Memory ("DRAM") chips. *Id*. at ¶ 9. The contract, titled

"Microsoft Component Purchase Agreement," was modified by subsequent amendments, including by Amendment No. 9, dated April 1, 2013. *Id*. at ¶ 10. Cypress alleges that SK Hynix breached this contract by failing to deliver the products contracted for in accordance with the agreed delivery schedule. *Id*. at ¶¶ 12, 14. As a result of this alleged breach, Microsoft then secured substitute products at a higher price in order to support its shipment requirements. *Id*. at ¶¶ 13, 14. These substitutions caused Microsoft to incur damages, and Cypress paid policy benefits of $175,000,000 to Microsoft as a result of those damages. *Id*. at ¶ 15. Cypress is now a subrogee of Microsoft for the amounts paid. *Id*. at ¶ 16.

Cypress filed its original Complaint against SK Hynix on March 23, 2017. Dkt. # 1. On July 26, 2017, the Court issued a scheduling order setting March 14, 2018 as the deadline to amend pleadings. Dkt. # 24. On March 5, 2018, the Court gave Cypress leave to file an Amended Complaint pursuant to a stipulated motion submitted by the parties. Dkt. # 33. Cypress filed the Amended Complaint on March 6, 2018. Dkt. # 34. Sometime in March of 2018, Microsoft assigned all of its rights, claims, interests, causes of action, and damages against SK Hynix in this matter, to Cypress. Dkt. # 39-1. On April 24, 2018, the parties filed a stipulated motion to amend the Court's scheduling order. Dkt. # 37. The new scheduling order did not modify the deadline for amending pleadings. Dkt. # 38. On May 14, 2018, Cypress filed this Motion for Leave to File a Second Amended Complaint. Dkt. # 39.

**II.    DISCUSSION**

A. Motion to Seal

SK Hynix moves to seal portions of their Response to Cypress' Motion to Amend as well as Exhibits 1-4 to the Declaration of Jen C. Won filed in support of that Response. Dkt. ## 40, 41. SK Hynix alleges that these materials contain confidential information, the public disclosure of which would harm the parties' competitive standing. *Id*.

Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g). The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-78 (9th Cir. 2006). However, where a party seeks to seal "private materials unearthed during discovery," the relevant standard is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002); Fed. R. Civ. P. 26(c).

Exhibit 1 is an amendment to a supplier agreement between Microsoft and SK Hynix that contains information regarding volume and pricing. SK Hynix contends that disclosure of his information would educate SK Hynix's competitors as to how it conducts its business and its future plans, and would endanger its business relationships with other customers with whom SK Hynix may have different volume and pricing relationships. The Court agrees that disclosure of this information would give competitors with an advantage over SK Hynix and that there is good cause to keep this information confidential. However, SK Hynix provides little to no explanation or details supporting their assertion that the other named Exhibits and excerpts of the Response constitute trade secrets or confidential business information, or how disclosure of such information would compromise the business interests of Microsoft, SK Hynix, Cypress, or Microsoft's insurers. Local Rule 5(3)(A) requires that the parties "explore redaction and other alternatives to filing under seal". SK Hynix does

not address this possibility for the Exhibits it wishes to seal. Therefore, SK Hynix's Motion to Seal is **GRANTED** as to Exhibit 1 and **DENIED with leave to amend** with respect to Exhibits 2-4 and the excerpts of the Response to Cypress' Motion to Amend. Dkt. ## 40, 41.

B. Motion to Amend

Cypress requests that the Court give them leave to amend their Amended Complaint to clarify its rights to recovery as an assignee of Microsoft in addition to its rights as a subrogee of Microsoft. Dkt. # 39 at 2.

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a

presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Cypress argues that the proposed amendments are not prejudicial or unduly delayed because they are not adding additional causes of action or parties, but seek only to clarify their rights of recovery as both an assignee and subrogee of Microsoft. Doing so would give them rights to potential damages beyond those Cypress paid as Microsoft's subrogee. Dkt. # 39 at 3. Cypress contends that their rights to additional damages only became relevant after it became apparent through discovery that SK Hynix intended to argue that Cypress was a voluntary payor to Microsoft and therefore not entitled to the right of subrogation. *Id.* The Court disagrees. It is undisputed that SK Hynix asserted a voluntary payor defense in its Answer and Affirmative Defenses. Dkt. # 44 at 3. Cypress does not assert that the underlying facts of this case have changed, only that they recently became aware of the specifics of SK Hynix's alleged strategy. As Cypress indicates in their Reply, they were aware of the possibility that SK Hynix might assert a "capacity constraint-based voluntary payor defense" during their initial round of depositions, but failed to amend their complaint accordingly. Dkt. # 44 at 4. Cypress contends that SK Hynix did not assert that capacity constraint was the basis for their possible defense. However, SK Hynix's failure to disclose their exact strategy to Cypress does not excuse Cypress' delay in amending their Complaint.

SK Hynix also argues that the proposed amendments are futile because any breach of contract claims Microsoft could have asserted are time-barred pursuant to the Washington Uniform Commercial Code ("UCC"). The UCC states that, "[a]n action for breach of contract for sale must be commenced within four years after the cause of action has accrued." RCW § 62A.2-725. Cypress obtained an assignment of rights from Microsoft in March of 2018. SK Hynix alleges that any cause of action for a breach of the contract between SK Hynix and Microsoft occurred by the end of 2013,

therefore Cypress' potential claims expired before they obtained the assignment of rights. Dkt. # 42 at 9; *see also* RCW § 62A.2-725(2). Cypress does not dispute this timeline of events but argues that the proposed amendments should relate back to the time of the filing of their original Complaint. Dkt. # 44 at 5. Federal Rule of Civil Procedure 15(c) governs the relation back doctrine. Rule 15(c) states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). While this Rule could serve to allow the proposed amendments to the Amended Complaint to relate back to the date the original Complaint was filed, it has no power to change the date Cypress received Microsoft's assignment of rights. As Microsoft did not assign its rights to Cypress until after the statute of limitations had expired, Cypress' claims based on those rights are time-barred and their proposed amendments are futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED.** Dkt. # 39. Defendant's Motion to Seal is **GRANTED** as to Exhibit 1 and **DENIED with leave to amend within 30 days of the date of this Order** with respect to Exhibits 2-4 and the excerpts of the Response to Cypress' Motion to Amend. Dkt. ## 40, 41.

DATED this 2nd day of October, 2018.

The Honorable Richard A. Jones
United States District Judge