The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYPRESS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SK HYNIX AMERICA INC.,<br><br>    Defendant. | No. 2:17-cv-0467 RAJ<br><br>**ORDER STRIKING THE PARTIES' MOTIONS TO SEAL** |

This matter comes before the Court on Plaintiff Cypress Insurance Company's Motions to Seal (Dkt. ## 49, 63, 82, 102, 110, 132, 139) and Defendant SK Hynix America, Inc.'s Motions to Seal (Dkt. ## 54, 67, 75, 87, 92, 119, 125, 145). For the reasons stated below, the Court **STRIKES** the parties' motions.

## I. BACKGROUND

Plaintiff Cypress Insurance Company ("Cypress") is an Arizona corporation with its principal place of business in Phoenix, Arizona. Dkt. # 34 at ¶ 1. From July 1, 2013 to July 1, 2014, Cypress insured Microsoft Corporation ("Microsoft"). *Id*. at ¶ 2. Defendant SK Hynix America, Inc. ("Hynix") is an electronic memory chip supplier with its principal place of business in San Jose, California. *Id*. at ¶¶ 4, 11. On August 19, 2004, Hynix entered into a contract with Microsoft to supply them with Dynamic Random Access Memory ("DRAM") chips. *Id*. at ¶ 9. The contract, titled "Microsoft Component Purchase Agreement," was modified by subsequent amendments, including by the Ninth

Amendment, dated April 1, 2013. *Id.* at ¶ 10. Cypress alleges that Hynix breached this contract by failing to deliver the products contracted for in accordance with the agreed delivery schedule. *Id.* at ¶¶ 12, 14. As a result of this alleged breach, Microsoft then secured substitute products at a higher price in order to support its shipment requirements. *Id.* at ¶¶ 13, 14. These substitutions caused Microsoft to incur damages, and Cypress paid policy benefits of $175,000,000 to Microsoft because of those damages. *Id.* at ¶ 15. Cypress brings a breach of contract claim as a subrogee of Microsoft for the amounts paid. *Id.* at ¶ 16.

Cypress filed its original Complaint against Hynix on March 23, 2017. Dkt. # 1. On July 26, 2017, the Court issued a scheduling order setting March 14, 2018 as the deadline to amend pleadings. Dkt. # 24. On March 5, 2018, the Court gave Cypress leave to file an Amended Complaint pursuant to a stipulated motion submitted by the parties. Dkt. # 33. Cypress filed the Amended Complaint on March 6, 2018. Dkt. # 34. Cypress filed a Motion for Partial Summary Judgment on September 18, 2018 and Hynix filed a Cross-Motion for Summary Judgment on November 13, 2018. Dkt. ## 47, 80. On December 13, 2018 and December 27, 2018, the parties filed several motions to exclude certain expert opinions. Dkt. ## 98, 99, 100, 111, 112, 113. The parties filed motions *in limine* on January 14, 2019. Dkt. ## 140, 146. The motions to seal that are the subject of this Order were filed in conjunction with the parties' briefing on their motions for summary judgment, motions to exclude, and motions *in limine*.

## II. DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. (internal quotation marks omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). As the Supreme Court has recognized, sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The party seeking to seal a judicial record, however, must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g). Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B). Furthermore, where the parties have entered into a litigation agreement or stipulated protective order governing the exchange of documents in discovery, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B). Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id.*

As an initial matter, the Court notes that many, if not all, of the motions to seal fail to comply with the Local Rules and seek relief that is substantially overbroad. For example, where documents were filed under seal at the behest of a designating party, no

response was then filed by the designating party in satisfaction of LCR 5(g)(3)(B). Additionally, the parties frequently relied on blanket assertions of harm to business interests in attempts to seal documents in their entirety without demonstrating why no less restrictive alternative would suffice. *Id.* Furthermore, only in rare circumstances should a party file a motion, opposition, or reply under seal. *See* LCR 5(g)(5). A court cannot allow documents to remain under seal unless it articulates its reasons for doing so. *Apple Inc. v. Phystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). The Court expects the parties to review and abide by the Local Civil Rules and warns that future violations may result in sanctions. *See* LCR 11(c).

Accordingly, the Court will not entertain these motions. The parties have clearly failed to meaningfully meet and confer concerning their disagreements over which documents should be sealed and have not seriously explored alternatives such as redacting. *See* LCR 5(g). Instead, the parties have abused motions to seal to drag the Court through an inefficient, convoluted briefing process that serves no purpose other than to confuse, overwhelm, and distract the Court.

Accordingly, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 49, 54, 63, 67, 75, 82, 87, 92, 102, 110, 119, 125, 132, 139, 145.

**CONCLUSION**

The Court will not continue to accept motions to seal that fail to comply with the Local Rules and offer only boilerplate reasons to seal documents from the public domain. The Parties are hereby **ORDERED** to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing by January 25, 2019. The joint statement, as discussed with the parties on the January 17, 2018 teleconference, must include (i) specific examples of harm from the designating party that would result from allowing the submitted materials, or portions thereof, into the public domain and (ii) articulated reasons as to why alternatives to sealing would be insufficient.

The joint statement must include a chart of the parties' positions in the form below. Additionally, the parties must jointly submit to the Court a courtesy copy of the proposed materials for sealing in a tabbed three-ring binder in the order they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing in the tabbed binder.

| ECF No. | Detailed Document Description | Designating Party | Specific Harm to Business Interests | Reasons why alternatives to sealing, such as redactions, are insufficient |
|---|---|---|---|---|
|  |  |  |  |  |

The parties are further **ORDERED** to resubmit their briefing on motions for summary judgment, motions to exclude, and motions *in limine* consistent with the instructions of this Order by January 25, 2019. Should the parties continue to engage in a needless and protracted effort to seal materials without regard for court rules, the Court will impose swift and harsh sanctions on the offending party.

For the reasons stated herein, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 49, 54, 63, 67, 75, 82, 87, 92, 102, 110, 119, 125, 132, 139, 145. The Clerk is also directed to strike the pending motions regarding summary judgment, motions to exclude, and motions *in limine*. Dkt. ## 47, 60, 64, 67, 77, 80, 98, 99, 100, 111, 112, 113, 140, 146, 148.

DATED this 18th day of January, 2019

_____
The Honorable Richard A. Jones
United States District Judge