HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

    Plaintiff,

v.

SK HYNIX AMERICA, INC.,

    Defendant.

Case No. 2:17-CV-00467-RAJ

**ORDER ON THE PARTIES' MOTIONS TO EXCLUDE**

## I. INTRODUCTION

This matter is before the Court on the parties' motions to exclude certain experts from testifying at trial. Dkt. ## 159, 161, 163, 169, 170, 172. For the reasons below, the Court **DENIES** the parties' motions. The parties have an affirmative obligation to inform its witnesses of the Court's rulings on all evidentiary matters.

## II. LEGAL STANDARD

A trial court is accorded wide discretion when acting as gatekeeper for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–52 (1999); *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993). In its role, the court must conduct a preliminary assessment to ensure all expert testimony evidence admitted is not only reliable, but relevant. *Kumho Tire Co.*, 526 U.S. at 147. This two-step assessment requires consideration of (1) whether the reasoning or methodology underlying the testimony has a reliable basis in the discipline of expertise (the "reliability" prong); and (2) whether that reasoning or methodology can properly be applied to the facts

ORDER – 1

at issue (the "relevancy" prong). *See Daubert*, 509 U.S. at 592–93; *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir. 1998).

The test for reliability is flexible and *Daubert*'s list of specific factors does not necessarily or exclusively apply to all experts or in every case. *See Kumho Tire Co., Ltd.*, 526 U.S. at 141. "Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* Relevancy under Rule 702 concerns the "fit" of the evidence to the fact-finding process. The expert testimony must speak clearly and directly to an issue in dispute and must not mislead the jury. *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1321 n. 17 (9th Cir. 1995).

Even under *Daubert*, the Court must still weigh the balancing factors of Rule 403. *See* Fed. R. Evid. 403. Rule 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." *Daubert*, 509 U.S. at 595.

### III. DISCUSSION

The parties each seek to exclude the testimony and opinions of the others' expert witnesses. Before addressing the motions, the Court notes that many of the parties' objections go to the weight and credibility of the expert testimony, not its admissibility. However, the Court will limit expert testimony on issues already decided by way of summary judgment. Dkt. # 196.

**A. Cypress' Motions to Exclude**

**i. Joseph C. McAlexander III**

Cypress seeks to exclude Joseph C. McAlexander III. He is a semiconductor expert with over 44 years of experience in microcircuit and semiconductor technologies, including in the areas of device fabrication, assembly, and manufacturing operations. Dkt. # 164; Dkt. # 188-1 at 61. McAlexander's report makes certain conclusions about the parties' conduct under the Ninth Amendment and on the reasonableness of Microsoft's conduct

ORDER – 2

both before and after the Wuxi fire. *See* Dkt. # 159 at 5; *id.* at 8–10 (concluding it was commercially impractical for Hynix to meet its expected product deliverables after the fire); Dkt. # 188-1. Cypress argues that McAlexander only offers legal opinions or opinions irrelevant to breach of contract and should therefore be excluded. Dkt. # 159.

It is well established that experts may not give opinions as to legal conclusions. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (internal citations omitted) (explaining that expert testimony consisting of legal conclusions on the meaning of a contract's terms is inadmissible). The Court agrees with Cypress that some of McAlexander's conclusions contain improper legal conclusions. For example, McAlexander finds that the prevailing market conditions and the occurrence of the Wuxi fire rendered the delivery of certain quantities of DRAM chips to Microsoft commercially impracticable. Dkt. # 188-1 at 10; *see also, e.g.*, *id.* at 51 (concluding Microsoft's conduct was unreasonable in light of the contract language).

However, because McAlexander offers relevant testimony on DRAM chips, speed grades, wafer yields, and industry standards, the Court will not exclude him. McAlexander will not be permitted to testify on issues of law, such as whether it was commercially impractical for Hynix to meet its expected product deliverables or whether Microsoft's conduct was reasonable based on the contract language.

Cypress' motion is **DENIED**.

### ii. Alan J. Cox, Ph.D.

Dr. Cox is a principal at NERA, an economic consulting firm. Dkt. # 164-1 at 5. He holds a Ph.D. in Economics from the University of California. *Id.* He is being offered by Hynix to testify on damages. Dkt. # 179 at 4. Cypress asks the Court to exclude Cox because his testimony would be unreliable, unqualified, and unhelpful to the jury. Dkt. # 161 at 5, 11.

The Court notes that "the test under *Daubert* is not the correctness of the expert's

ORDER – 3

conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). Under *Daubert*, the district judge is "a gatekeeper, not a fact finder." *Id.* When an expert meets the threshold established by Rule 702, as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony. *Id.*

As applied here, Cypress has not shown that Cox's damages opinion relies on faulty economic principles or conclusions based on improper knowledge. Using fundamental economic principles, Cox opines on the overall loss suffered by Microsoft. *See, e.g.*, Dkt. # 164-1 at 31 (discussing academic literature on supply-chain risks). His criticism of the loss measurement analysis used in the claims handling process is equally sound—that is, the insurers failed to disaggregate any loss caused by Microsoft's conduct before paying out on the claim. *Id*. at 38. The Court finds his testimony on damages both reliable and relevant. Cypress is free to attack Cox's conclusions through cross-examination and presentation of contrary evidence. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

However, Cox is not an expert in all fields. The Court will not permit him to testify on the proper measure of damages in the state of Washington or on standard practices in the semiconductor or insurance industries. *See, e.g.*, Dkt. # 114-1 at 32. Furthermore, if Cox's testimony proves to be cumulative of Joseph McAlexander's, then that is the appropriate time to make an objection.

Cypress' motion is **DENIED**.

### iii. Peter Kochenburger

Kochenburger is the Executive Director of the Insurance Law LL.M. Program and an Associate Clinical Professor of Law at the University of Connecticut School of Law. Dkt. # 160-21 at 2. He has over 25 years of experience in the insurance industry and previously worked as in-house counsel at Travelers Property Casualty. *See id*. at 2–3.

ORDER – 4

Cypress claims that Kochenburger only offers personal observations on the insurance industry, which do not qualify as expert opinions under *Daubert*. Dkt. # 163 at 7.

The Court disagrees with Cypress. Kochenburger intends to testify on the insurance industry's customs and practices and opine on whether the claims-handling process and reinsurance dynamics in this case conformed to industry standards. *See* Dkt. # 180 at 5. The Court finds Kochenburger qualified to opine on these subjects based on his experience. *See* Dkt. # 160-21 at 2–4. Additionally, because his testimony is relevant to Hynix's voluntary payor defense, the Court will permit Kochenburger limited latitude to discuss the concept of subrogation. *See* Fed. R. Evid. 702, adv. comm. notes ("[I]t might also be important in some cases for an expert to educate the factfinder about general principles . . . . The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles.").

The Court also finds Cypress' reliance on *11333 Incorporated v. Certain Underwriters at Lloyd's*, 261 F. Supp. 3d 1003 (D. Ariz. 2017), a bad faith insurance case where Mr. Kochenburger's opinions were excluded, misplaced. There, the trial court concluded Kochenburger improperly relied on facts from a different insurance policy and actions by a different set of underwriters in rendering his opinion. *Id*. at 1028. The court also found his opinion unreliably rested on insufficient facts and data. *Id*. His opinions in this case do not suffer from the same flaws. *See* Dkt. # 160-21 at 4-5.

As the Court has cautioned with other experts, Kochenburger may not resort to making legal conclusions in his opinions. *See, e.g.*, *id.* at 11 ("[T]his means Cypress' reinsurers are not Microsoft's subrogees"). The Court will not permit legal conclusions on subrogation and whether it applies in this case.

Cypress' motion is **DENIED**.

//

//

ORDER – 5

**B. Hynix's Motions to Exclude**

**i. Malcolm Penn**

Hynix moves to exclude Malcolm Penn, Cypress' semiconductor expert. Penn's report offers eight opinions, most of which impermissibly touch on issues of law. *See*, *e.g.*, Dkt. # 173-7 at 10 (concluding Hynix failed to honor the price agreement as set forth in the contract); *see also id*. at 15 (concluding Hynix failed to use commercially reasonable efforts). This type of opinion improperly evades the province of the jury. *Crow Tribe of Indians*, 87 F.3d at 1045; *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

However, the Court takes no issue with Penn's qualifications with respect to the semiconductor industry. Dkt. # 173-7 at 5-6. Despite Hynix's criticism of Penn's analysis, the Court will permit Penn to testify on DRAM yields and the industry practices detailed in Opinions 6 and 8. Hynix is free to cross-examine Penn on the bases for his analysis, including his reliance on purportedly incorrect data. *See* Dkt. # 169 at 10-11.

Hynix's motion is **DENIED**.

**ii. Richard Dykstra**

Hynix seeks to exclude Richard Dykstra, Cypress' insurance expert. Dykstra is an attorney whose practice has focused on issues of insurance coverage, including good faith claims handling. *See* Dkt. # 173-4. Hynix claims Dykstra has not laid a reliable foundation for his opinions and should be excluded from testifying. Dkt. # 170 at 5.

First, the Court disagrees with Hynix on the reliability of Dykstra's opinions. The fact that Dykstra's opinions are based only on his knowledge or experience is not enough to disqualify him as an expert. *See Kumho Tire Co.*, 526 U.S. at 1176 (recognizing that, where a witness's expertise is based purely on experience, reliability is based in part on whether his preparation is of the kind that others in the field would recognize as acceptable); *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1019 (9th Cir.

ORDER – 6

2004) (no abuse of discretion in finding insurance expert qualified where he was active in practice of claims adjudication and received formal education on insurance policy law). The Court finds Dykstra qualified given his 30 years of experience in insurance coverage as well as his work as an author and lecturer for insurance-related groups and forums. Hynix's objections ultimately go to the weight of Dykstra's opinions, not the admissibility. *Primiano*, 598 F.3d at 565.

Nonetheless, Dykstra's opinions must still be relevant and not "used to provide legal meaning or interpret ... [insurance] policies as written." *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 898–99 (9th Cir. 1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony). Several of Dykstra's opinions clearly interpret the parties' agreements. *See, e.g.*, Dkt. # 173-4 at 6 (concluding in Opinion No. 4 that Cypress and reinsurers did not owe a duty to consider or protect the interests of SK Hynix); *id.* at 7 (concluding in Opinion No. 5 that coverage under the Microsoft Policy did not depend upon a determination of what the cause of the fire was); *id.* at 9 (concluding in Opinion No. 6 that payout of extra expense claim was fully warranted). Although Dykstra will be permitted to testify, the Court will not tolerate testimony on ultimate issues of law.

Hynix's motion is **DENIED**.

### iii. William Bradshaw

William Bradshaw is Cypress' damages expert. He is a Partner with the forensic accounting firm Matson, Driscoll & Damico, LLP where he has worked since 1976 as a forensic accountant. *See* Dkt. # 177 at 4. Hynix seeks to exclude Bradshaw for several reasons. First, Hynix argues that Bradshaw lacks any expertise in semiconductor capacity yields and uses a damages methodology that is entirely speculative and flawed. *Id.* at 7. Next, Hynix argues that Bradshaw improperly rendered a legal opinion on the reasonableness of Microsoft's conduct and cannot testify to damages based on those

ORDER – 7

assumptions. *Id*. at 8-9. Lastly, Hynix seeks to preclude Bradshaw from testifying on damages caused by a lack of buffer inventory. *Id.* at 12. Hynix claims Bradshaw did not attempt to disaggregate the impact of the Wuxi fire from damages caused by breach of the agreement. *Id*.

The Court finds Bradshaw qualified to testify as a damages expert based on his extensive experience in quantifying business damages, including in cases of business interruption and delay such as this. *See* Dkt. # 177 at 4; Dkt. # 183-1 at 3. Hynix's criticism of Bradshaw's methodology goes more toward the weight of his opinions and not the admissibility. *See Primiano*, 598 F.3d at 565. As such, the Court will permit Bradshaw to testify. Additionally, the Court will permit Bradshaw to testify to the full extent of Microsoft's damages. However, before offering this evidence, Cypress must provide a contemporaneous limiting instruction explaining the purpose of the evidence and its exclusion from the jury's consideration of potential damages where applicable. *See* Dkt. # 196 at 17. Cypress must provide the Court with proposed language for the limiting instruction by **February 20, 2019**. Any objections to the proposed limiting instruction are due by **February 22, 2019**.

Like other experts, Bradshaw may not opine on issues of law, such as whether Microsoft acted reasonably in issuing purchase orders for DRAM chips.

Hynix's motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the parties' motions to exclude. Dkt. ## 159, 161, 163, 169, 170, 172.

DATED this 14th day of February, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8