UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

Plaintiff,

v.

SK HYNIX AMERICA, INC.,

Defendant.

Case No. 2:17-CV-00467-RAJ

**ORDER ON THE PARTIES' MOTIONS *IN LIMINE***

## I. INTRODUCTION

This matter comes before the Court on the parties' motions *in limine*. Dkt. ## 184, 187. As discussed below, the Court **GRANTS in part** and **DENIES in part** the parties' motions. The Court also **TAKES UNDER ADVISEMENT** certain motions until the parties provide further information on the admissibility of specific evidence.

Where directed in this Order, the parties may submit further briefing, not exceeding three (3) pages in total, on the relevance and admissibility of evidence subject to motions taken under advisement. Any briefing is due to the Court by **February 20, 2019**. The parties also have an affirmative obligation to inform its witnesses of the Court's rulings on all evidentiary matters.

## II. BACKGROUND

This matter is set for trial on Plaintiff's breach of contract action. The details of Plaintiff's allegations are set forth in the Court's order granting in part and denying in part

ORDER – 1

the parties' motions for summary judgment and will not be repeated here. Dkt. # 196.

### III. LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

### IV. DISCUSSION

#### A. MUTUALLY AGREED UPON MOTIONS *IN LIMINE*

The parties agree to Cypress' Motions *In Limine* Nos. 1 through 4: (i) to preclude lay witness opinion testimony; (ii) to bar speaking objections; (iii) to bar evidence of settlement negotiations within the scope of Rule 408; and (iv) to bar irrelevant evidence of the parties' financial conditions. Dkt. # 187 at 4; Dkt. # 193 at 6-7.

#### B. PLAINTIFF'S MOTIONS *IN LIMINE*

##### i. Motion *In Limine* No 5: To Bar Evidence Contrary to Rule 30(b)(6) Deposition Testimony

Cypress moves to bar evidence that contradicts the testimony provided by Hynix's 30(b)(6) witnesses on various deposition topics. Dkt. # 187 at 5. Specifically, Cypress states that some of Hynix's 30(b)(6) witnesses, including Richard Chin, claimed to lack knowledge in answering questions posed by counsel. *Id.* at 6. As Hynix points out, however, the Ninth Circuit has warned about overstating the general proposition that 30(b)(6) testimony precludes a corporation from offering trial testimony on the same topic.

ORDER – 2

*See Snapp v. United Transportation Union*, 889 F.3d 1088 (9th Cir. 2018) (finding no error in allowing jury to hear testimony giving full context and explanation for statements made in 30(b)(6) deposition). Therefore, Cypress' motion *in limine* is **DENIED** without prejudice. Cypress may raise an objection if Hynix seeks to introduce contradictory evidence without good reason or explanation. *See id*. at 1103.

### ii. Motion *In Limine* No. 6: To Bar References to Comparative Fault

Cypress moves to bar references to comparative fault and claims Hynix is improperly attempting to argue comparative fault in a contract action. Dkt. # 187 at 7. Hynix claims that it is not asserting a comparative fault defense but wants to present evidence that Microsoft's claimed damages were exacerbated by its own conduct. Dkt. # 193 at 8. Based on what has been provided to the Court by the parties, Cypress' motion is **DENIED** without prejudice.

### iii. Motion *In Limine* No. 7: To Bar References to Microsoft's Pre-Incident Conduct

Cypress moves to bar references to Microsoft's pre-incident conduct, arguing that it has no relevance to mitigation and that comparative fault is not a defense to a breach of contract claim. Dkt. # 187 at 10. Hynix counters by arguing that when a party to a contract acts in a commercially unreasonable manner that exposes it to heightened losses in the event of a later breach, the party cannot claim losses attributable to that commercially unreasonable conduct. Dkt. # 193 at 9. Yet, as support, Hynix cites to the Washington statute on contributory fault, which concerns tort claims. *Id*. Such evidence would need some other basis for admissibility. Because the parties only provide generalities about the evidence at this time, it is premature for the Court to issue a ruling and will wait for further context. Therefore, Cypress' motion is **TAKEN UNDER ADVISEMENT** without prejudice.

ORDER – 3

### iv. Motion *In Limine* No. 8: To Bar References to Cypress as a Voluntary Payor

The Court declined to grant Cypress summary judgment on Hynix's voluntary payor defense. *See* Dkt. # 196. Therefore, the Court **DENIES** this motion to the extent it seeks to bar all evidence going toward the voluntary payor defense.

### v. Motion *In Limine* No. 9: To Bar Evidence Relating to Reinsurance

As stated before, the Court declined to grant Cypress summary judgment on Hynix's voluntary payor defense. Hynix explains in its briefing that it may introduce evidence concerning reinsurance as part of its voluntary payor defense. *See* Dkt. # 193 at 11. Therefore, the Court **DENIES** this motion to the extent it seeks to bar all evidence concerning reinsurance. This ruling does not prohibit Cypress from objecting at trial to specific evidence as inadmissible under the Federal Rules.

### vi. Motion *In Limine* No. 10: To Bar the May 9, 2018 Cease and Desist Order

Cypress moves to bar a Cease and Desist Order issued against it by the Insurance Commissioner of the State of Washington as well as the subsequent Consent Order for failure to pay taxes on insurance premiums. Dkt. # 187 at 13-14. Cypress claims the Cease and Desist Order has no relevance to any issue of material fact. *Id.* at 14. However, Hynix contends the evidence is relevant to its voluntary payor defense, as it shows Cypress lacked an incentive to properly vet Microsoft's insurance claim and that the company functions mainly as a tax shelter for Microsoft. Dkt. # 193 at 12. The Court notes that the Cease and Desist Order is of limited relevance and is likely to lead to wasted time and confusion of the issues. Fed. R. Evid. 403. And while the Cease and Desist Order details that Cypress' board contains employees of Microsoft, Hynix has other means by which to solicit this evidence. Therefore, the Court **GRANTS** Cypress' motion.

ORDER – 4

### vii. Motion *In Limine* No. 11: To Bar Unpled Affirmative Defenses

The Court **GRANTS** this motion to the extent it merely reiterates the rule that all affirmative defenses must be pleaded to avoid unfair surprise or prejudice at trial. *See* Fed. R. Civ. P. 8(c).

### viii. Motion *In Limine* No. 12: To Bar References to Contracts Awarded to Hynix in 2014 or Beyond

Cypress seeks to bar evidence that Microsoft awarded contracts to Hynix after the fire, in 2014 and beyond. Dkt. # 187 at 14. Hynix argues that evidence showing Microsoft continued to do business with Hynix is highly relevant to whether Hynix acted in a "commercially reasonable" manner. Dkt. # 193 at 13. But the fact that Microsoft continued to work with Microsoft is not in and of itself evidence that Hynix's conduct was commercially reasonable. Other factors, such as product pricing or the availability of other suppliers, could have been at play. Therefore, Cypress' motion is **TAKEN UNDER ADVISEMENT** without prejudice. Before the Court grants limited latitude for this evidence to be offered at trial, Hynix must proffer to the Court its specific bases for admissibility and relevance in the form discussed above.

### ix. Motion *In Limine* No. 13: To Bar Reference that Hynix Maintained a Buffer Inventory

The Court **GRANTS** this motion given its ruling on the parties' motions for summary judgment. Dkt. # 196.

### x. Motion *In Limine* No. 14: To Bar Reference that Hynix Maintained a Written Disaster Recovery Plan

The Court **GRANTS** this motion given its ruling on the parties' motions for summary judgment. Dkt. # 196.

### xi. Motion *In Limine* No. 15: To Bar Reference that Hynix Did Not Provide Similar Allocation to Other Customers

Cypress moves to prevent Hynix from offering evidence that shows it did not

ORDER – 5

provide priority allocation to other customers. Dkt. # 193 at 15. The Court declined to grant Cypress summary judgment on its contract claim dealing with priority allocation. *See* Dkt. # 196. If Hynix offers evidence that it did not offer priority allocation to other strategic customers, then Cypress is free to offer rebuttal evidence. The Court **DENIES** Cypress' motion.

### xii. Motion *In Limine* No. 16: To Bar Reference that Hynix Received Any Service Awards From Microsoft

Cypress moves to bar evidence that Microsoft gave Hynix supplier service awards following the fire. Dkt. # 187 at 14. As before, the fact that Microsoft issued a service award to Hynix is not in and of itself evidence that Hynix's conduct under the Ninth Amendment was commercially reasonable. Therefore, Cypress' motion is **TAKEN UNDER ADVISEMENT** without prejudice. Before the Court grants limited latitude for this evidence to be offered at trial, Hynix must proffer to the Court its specific bases for admissibility and relevance in the form discussed above.

### xiii. Motion *In Limine* No. 17: To Bar Reference to Hynix's Amended Interrogatory Response

Cypress seeks to prohibit Hynix from offering an amended interrogatory response on its yield production for certain speed grades of DRAM chips. Dkt. # 187 at 17. Cypress claims that permitting this testimony would allow Hynix to shirk the sworn statements of its designated representatives, who confirmed the accuracy of initial interrogatory responses at their depositions. *Id*. Hynix claims, however, that its initial response contained a typographical error and promptly amended its answer once it became aware. Dkt. # 193 at 17. The Court finds there is a reasonable explanation for the conflicting testimony. *See Snapp*, 889 F.3d at 1103-04. Accordingly, Cypress' motion *in limine* is **DENIED**. This ruling does not prevent Cypress from impeaching the credibility of Hynix's witness with their prior sworn statements.

ORDER – 6

xiv. **Motion *In Limine* No. 18: To Bar Legal Arguments to the Jury**

Cypress moves to prevent Hynix from offering certain arguments to the jury because they are legal in nature. Dkt. # 187 at 19. Several of these arguments have already been addressed by the Court's order on the parties' motions for summary judgment. *See* Dkt. # 196 (ruling on arguments concerning buffer inventory, written disaster plan, commercial impracticability, and damages). The factual issues that remain on outstanding claims will go before the jury for adjudication. Cypress' motion is **DENIED**.

C. **DEFENDANT'S MOTIONS *IN LIMINE***

i. **Motion *In Limine* No. 1: To Bar Evidence of Microsoft's Damages Exceeding $150 Million**

Hynix moves to bar evidence of Microsoft's damages that exceed its policy limit. Dkt. # 184 at 4. Hynix claims the evidence is irrelevant and immaterial to the issues in this action and is inadmissible under Rules 401 and 402. In response, Cypress argues that evidence of Microsoft's total damages is necessary so that the jury has all facts to consider. Dkt. # 191.

The Court finds that evidence of Microsoft's full damages may be relevant to Hynix's voluntary payor defense. Here, Hynix claims that Cypress failed to fully and properly investigate the claimed loss. Evidence that tends to show Cypress fully investigated whether the claimed losses were accurate and covered by the policy is probative. Therefore, Hynix's motion is **DENIED** without prejudice. However, before offering this evidence, Cypress must provide a contemporaneous limiting instruction explaining the purpose of the evidence and its exclusion from the jury's consideration of potential damages where applicable. *See* Dkt. # 196 at 17. Cypress must provide the Court with proposed language for the limiting instruction by **February 20, 2019**. Any objections to the proposed limiting instruction are due by **February 22, 2019**.

ORDER – 7

### ii. Motion *In Limine* No. 2: To Bar Evidence of Microsoft's Damages Incurred After January 1, 2014

Hynix seeks to bar evidence of Microsoft's damages occurring after January 1, 2014, arguing it has no tendency to make the damages incurring before that date more or less probable. Dkt. # 184 at 6. Hynix contends that permitting evidence of damages after January 1, 2014 risks confusing the jury. However, Cypress argues that the 2014 damages were considered during the loss adjustment process and relevant to its claim that it justifiably paid Microsoft up to the policy limit. Dkt. # 191 at 5.

As before, Cypress is correct that any purchase orders placed under the Ninth Amendment and investigated during the loss adjustment process would be relevant to Hynix's voluntary payor defense. As such, the Court **DENIES** the motion without prejudice. Before offering this evidence, Cypress must provide a contemporaneous limiting instruction explaining the purpose of the evidence and its exclusion from the jury's consideration of potential damages where applicable. *See* Dkt. # 196 at 17. Cypress must provide the Court with proposed language for the limiting instruction by **February 20, 2019**. Any objections to the proposed limiting instruction are due by **February 22, 2019**.

### iii. Motion *In Limine* No. 3: To Bar Dictionary Definitions Of "Priority"

Hynix seeks to limit the jury from seeing dictionary definitions of the word "priority." Dkt. # 184 at 7. Cypress' response fails to properly demonstrate that this evidence is admissible or relevant. Dkt. # 191 at 8. Therefore, Hynix's motion is **GRANTED**.

### iv. Motion *In Limine* No. 4: The Cause Of The Wuxi Fire

Hynix seeks to limit evidence about the cause of the Wuxi fire. Dkt. # 184 at 8. However, the Court agrees with Cypress that this evidence is relevant to Hynix's commercial impracticability defense. *See* RCWA § 62A.2-615 (requiring a contingency of which the nonoccurrence was a basic assumption of the parties' agreement). Therefore,

ORDER – 8

Hynix's motion is **DENIED**.

### v. Motion *In Limine* No. 5: To Bar Evidence of Hynix's Ability to Convert 2133 Speed Grade Chips to Lower Speed Grades

Hynix moves to bar evidence concerning its ability to convert the 2133 speed grade DRAM chips to a lower speed grade. Dkt. # 184 at 9. However, Cypress only intends to offer evidence that Hynix categorized 2133 speed grade chips as 1866 or 1600 speeds to sell to other customers. Dkt. # 191 at 10-11. Because this evidence is directly relevant to several issues in the case, including breach, commercial reasonableness, and commercial impracticability, Hynix's motion is **DENIED**.

### vi. Motion *In Limine* No. 6: To Bar Evidence of Hynix's Allocation of DRAM Chips to Other Customers

Hynix moves to bar evidence of its allocation of DRAM chips to other customers. For the same reasons as discussed in Hynix's Motion *In Limine* No. 5, the Court **DENIES** Hynix's motion.

### vii. Motion *In Limine* No. 7: To Bar Evidence of Customers Who Did Not Purchase 2133 Speed Grade Chips From Hynix in 2013

Hynix moves to bar evidence relating to its other customers who did not purchase the chip at issue. Dkt. # 184 at 11. As before, Cypress claims the evidence shows Hynix categorized 2133 speed grade chips as 1866 or 1600 speeds to sell to other customers. Because this is directly relevant to several issues in the case, Hynix's motion is **DENIED**.

### viii. Motion *In Limine* No. 8: To Bar Evidence of Hynix's Role as a "Launching Partner" or "Sole Supplier" of Microsoft

Hynix moves to bar evidence of its role as a "launching partner" to the Xbox One and "sole supplier" to Microsoft. Dkt. # 184 at 12. Hynix claims whether it was a launching partner is of no consequence in determining whether Hynix exercised "commercially reasonable efforts," while Cypress claims the opposite. Neither side provides authority in support of its position. As such, Hynix's motion is **TAKEN UNDER**

ORDER – 9

**ADVISEMENT** without prejudice. Without further context, the Court declines to make the *in limine* ruling in a vacuum.

### ix. Motion *In Limine* No. 9: To Bar Evidence of Microsoft's Incidental Damages

Hynix moves to bar evidence relating to Microsoft's incidental damages. As previously stated, given the potential relevance of Microsoft's total damages, the Court **DENIES** this motion without prejudice. However, before offering this evidence, Cypress must provide a contemporaneous limiting instruction explaining the purpose of the evidence and its exclusion from the jury's consideration of potential damages. *See* Dkt. # 196 at 17. Cypress must provide the Court with proposed language for the limiting instruction by **February 20, 2019**. Any objections to the proposed limiting instruction are due by **February 22, 2019**.

### x. Motion *In Limine* No. 10: To Bar Evidence Lacking Authenticity or Foundation

Hynix seeks to exclude evidence lacking authenticity or foundation, including certain deposition exhibits. *See* Dkt. # 184 at 14. The Court makes no judgment on whether the parties will be able to lay a foundation for or authenticate these documents. Therefore, Hynix's motion to exclude this evidence is **TAKEN UNDER ADVISEMENT** without prejudice. Without further context, the Court declines to make the *in limine* ruling in a vacuum.

### xi. Motion *In Limine* No. 11: To Bar Internal Hynix Communications

Hynix moves to preclude internal communications about its conduct under the Ninth Amendment, arguing that substantial danger of confusion would exist if these communications are admitted. Dkt. # 184 at 14. The Court disagrees with Hynix. These communications are highly relevant party admissions and probative with respect to many of the issues in dispute. Hynix's motion is **DENIED**.

ORDER – 10

### xii. Motion *In Limine* No. 12. To Bar Belatedly Disclosed Witnesses

Hynix moves to prohibit testimony from additional witnesses identified in Cypress' supplemental initial disclosures. Dkt. # 184 at 15. The record shows that Cypress made supplemental disclosures on July 30, 2018 and discovery closed on October 15, 2018. Dkt. # 38; Dkt. # 186-14. Hynix chose not to take additional depositions and did not otherwise object to the disclosure of additional witnesses. Because Hynix did this at its own peril, the Court finds it will not suffer prejudice should these witnesses testify. Hynix's motion is **DENIED**.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** parties' motions. Dkt. ## 184, 187. The Court also **TAKES UNDER ADVISEMENT** certain motions *in limine* until the parties provide further information. The Court reserves ruling on those motions as noted in this Order.

DATED this 14th day of February, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 11