UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as
subrogee of Microsoft Corporation,

      Plaintiff,

   v.

SK HYNIX AMERICA, INC.,

      Defendant.

Case No. 2:17-CV-00467-RAJ

**ORDER ON THE PARTIES'
MOTIONS *IN LIMINE* TAKEN
UNDER ADVISEMENT**

## I. INTRODUCTION

This matter comes before the Court after supplemental briefing and argument on the parties' motions *in limine*. Dkt. ## 184, 187, 205, 207. The Court requested additional briefing on certain motions taken under advisement. *See* Dkt. # 199. For the reasons below, the Court makes the following rulings:

ORDER – 1

### i. Cypress' Motion *In Limine* No. 7: To Bar References to Microsoft's Pre-Incident Conduct

The Court **DENIES** Cypress' motion without prejudice. The Court finds the evidence relevant to the extent it informed Hynix's subsequent actions and the reasonableness thereof, and finds it may also be relevant to Hynix's voluntary payor defense. However, before offering this evidence, Hynix must provide a contemporaneous limiting instruction explaining the purpose of the evidence and its exclusion from the jury's consideration in its determination of damages. Hynix must provide the Court with proposed language for the limiting instruction by **February 28, 2019 at 4:00pm**. Any objections to the proposed limiting instruction are due by **March 1, 2019 at 4:00pm**.

### ii. Cypress' Motion *In Limine* No. 12: To Bar References to Contracts Awarded to Hynix in 2014 or Beyond

The Court **GRANTS** Cypress' motion. The fact that Microsoft continued to work with Microsoft is not in and of itself evidence that Hynix's conduct was commercially reasonable. Other factors, such as product pricing or the availability of other suppliers, could have been at issue. In addition, the proposed evidence risks confusing the issues, misleading the jury, and wasting time. Fed. R. Civ. P. 403.

### iii. Cypress' Motion *In Limine* No. 16: To Bar Reference that Hynix Received Any Service Awards From Microsoft

The Court **GRANTS** Cypress' motion. As before, the fact that Microsoft issued a service award to Hynix is not in and of itself evidence that Hynix's conduct under the Ninth Amendment was commercially reasonable. Other factors such as supplier relations could have been at issue. As indicated above, the proposed evidence risks confusing the issues, misleading the jury, and wasting time. Fed. R. Civ. P. 403.

### iv. Hynix's Motion *In Limine* No. 8: To Bar Evidence of Hynix's Role as a "Launching Partner" or "Sole Supplier" of Microsoft

The Court **DENIES** Hynix's motion. The Court will permit the parties to present

their disputed evidence regarding Hynix's role for the Xbox One launch given its relevance to the "commercially reasonable efforts" inquiry.

## V. CONCLUSION

For the reasons stated above and in its February 14, 2019 order (Dkt. # 199), the Court **GRANTS in part** and **DENIES in part** the parties' motions.  Dkt. ## 184, 187.


DATED this 27th day of February, 2019.


_____
The Honorable Richard A. Jones
United States District Judge