Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,,

   Plaintiff,

  vs.

SK HYNIX AMERICA, INC.,

   Defendant.

Civil Action No. 2:17-CV-00467-RAJ

**SK HYNIX AMERICA INC.'S MOTION *IN LIMINE* TO (1) EXCLUDE CYPRESS'S DAMAGES ITERATIONS NO. 4 AND NO. 5 AND (2) PRECLUDE REFERENCES TO THE COURT'S RULINGS ON BUFFER INVENTORY AND DISASTER RECOVERY PLAN**

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 1

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

Pursuant to leave of the Court during the February 26 pre-trial conference, Hynix hereby submits the following motion *in limine* to exclude Cypress's belatedly disclosed damages "Iteration No. 4" (Dkt. No. 216 (Cypress's Trial Brief) at 14) and irrecoverable "Iteration No. 5" (*id.* at 15) identified in its trial brief.  Hynix also moves to exclude references to the Court's ruling on the buffer inventory and the disaster recovery plan.

## I.    INTRODUCTION

On February 25, 2019, Cypress submitted a trial brief stating that "[a]t trial, [it] intends to present five iterations of recoverable cover damages based on various chip quantities[.]"  (*Id.* at 14.)  The first three iterations appear consistent with the three damages scenarios that Cypress's damages expert, William Bradshaw, had disclosed as part of his damages report in this case.

Cypress's anticipated Iteration No. 4, however, should be excluded because it is an improper end-run around this Court's ruling on Hynix's summary judgment motion enforcing the broad "Limitation of Liability" provisions of section 14.6 of the Microsoft/Hynix Component Purchase Agreement and the Court's adoption of Hynix's proposed Limiting Instruction No. 58 (*see* Dkt. No. 208-1 (Limiting Instruction No. 58)), which states that Cypress's recoverable damages are limited to "cover" damages as defined by Section 62A.2-712(2) of the Washington Commercial Code, i.e., the market price of *contracted* goods minus the contract price of those goods.  Under this basic concept embodied in the Commercial Code, cover damages can only be awarded if chips were purchased at higher prices from third parties that ***replaced actual chips that Hynix was contractually required to provide***.

Cypress's articulation of its Iteration No. 4—namely, that it was a natural consequence of Hynix's breach of contract—is precisely the type of "consequential damages" that section 14.6 and this Court's Limiting Instruction precludes.  This is because Iteration No. 4 seeks to award Microsoft damages for higher chip prices in general ***even though there is no evidence that these third party chips replaced chips that Hynix was supposed to provide***.  Nor can any such evidence exist because these involve 2014 purchases of third party chips and the Ninth Amendment covered only 2013 and has no provision

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 2

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

1    requiring 2014 chips.  Iteration No. 4 should be rejected on its face.[1]

2            Cypress's Iteration No. 5 suffers from the same defect—namely that it covers chips that are

3    beyond the capacity requirements set forth in the Ninth Amendment.  As articulated by Cypress, these

4    damages are for a hypothetical extra set of chips that are separate and apart from the capacity

5    requirements that the parties agreed to.  Iteration No. 5 should be excluded for the additional reasons that

6    Cypress cannot pursue those damages as a subrogee, since it cannot show that those damages were both

7    (1) caused by the Wuxi fire and (2) paid by it as part of Microsoft's insurance claim.

8            Finally, the argument at the Pre-Trial Conference raised the issue of how the parties should be

9    referencing the Court's prior rulings.  In the revisions to the Limiting Instruction that was discussed, the

10   Court struck any reference to the fact that the Court considered section 14.6 and ruled in a particular

11   manner.  Similarly, Hynix would request that the parties be precluded from indicating that the Court

12   ruled in Cypress's favor on the buffer inventory and the disaster recovery plans.

13   **II.    ARGUMENT**

14        **A.    Cypress's belatedly disclosed "Iteration No. 4" should be excluded.**

15        *First*, Cypress is limited to damages arising from increased chip costs *only* on chips that it can

16   prove should have been provided by Hynix under the Ninth Amendment but were not.  *See* RCWA §

17   62A.2-712(2); *see also* Dkt. No. 198 (Order Denying Parties' Motions to Exclude) (this Court concluded

18   that under Washington law, the measure of direct damages for a seller's non-delivery is the difference

19   between the market price at the time of breach and the contract price).  This is consistent with the Court's

20   adoption of Hynix's proposed Limiting Instruction No. 58, which states that "Cypress is entitled to

21   recover only 'cover costs' from chips required to be delivered in 2013 and that were part of the insurance

22   payments that Cypress paid to Microsoft."  (Dkt. No. 208-1 (Limiting Instruction No. 58).)

23        Hence, future hypothetical chips that might have been provided (but were not actually contracted

24   for) are not relevant to that computation.  Further, extra-contractual chips that were purchased from

25

26   _____

27   [1]    At the hearing, Hynix did not mean to imply that Cypress is acting in bad faith in raising this
     damages theory.  But the theory was never previously disclosed in Cypress's Rule 26 disclosures, never
28   mentioned by its damages expert, William Bradshaw, and follows temporally this Court's ruling that
     enforced the "Limitation of Liability" provision.

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 3

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

1    Samsung at higher prices as a *downstream consequence* of Hynix's alleged breach are by definition

2    consequential damages, and not recoverable as "cover" damages.  Yet, the damages that Microsoft was

3    paid for in its insurance claim is substantially comprised of such consequential damages.

4           For instance, as identified in the final report issued by the insurance adjuster, Vericlaim,

5    Microsoft's insurance payment consisted of incremental chip costs incurred between *February 2014* and

6    *June 2014*, which are plainly outside of the Ninth Amendment's price and capacity terms for the year

7    2013.  (Dkt. No. 165-43 (Vericlaim Report No. 4) at 5 ("MD&D reviewed budgeted chip purchases and

8    related incremental purchase pricing for the time frame between February and June 2014.").)  Those

9    consequential damages, which are not "cover" costs for any chips within the Ninth Amendment, are

10   therefore not recoverable against Hynix.  Thus, Cypress's claim that it is entitled to recover "increased

11   costs resulting from Microsoft having to enter into a long-term contract with Samsung at undesirable

12   terms" (Dkt. No. 216 (Cypress's Trial Brief)) is wrong, and its newly disclosed damages "iteration"

13   should be excluded on that basis alone.  In fact, this Court should preclude Cypress from presenting *any*

14   damages "iteration" at trial that includes *consequential* increased chip costs—i.e., extra costs for chips

15   that Hynix never agreed to provide Microsoft under the Ninth Amendment—that are not direct "cover"

16   damages as defined under the Washington Commercial Code.

17          *Second*, Cypress's new theory must be excluded for the simple reason that it was never disclosed

18   as part of the parties' mandatory Rule 26(a)(1) disclosures and exchange of expert reports.  As context,

19   the parties exchanged initial expert reports, including damages reports, on September 4, 2018.  The

20   parties exchanged rebuttal reports on September 25, 2018, and concluded expert discovery on October

21   19, 2018.  Cypress's damages expert, William Bradshaw, served initial and rebuttal damages opinions as

22   part of this process, and was deposed on October 2, 2018.  Yet, nowhere was this new damages

23   "iteration" ever disclosed as part of that process.  This Court has routinely rejected precisely these types

24   of belated damages disclosures before.  *See, e.g., Wong v. Seattle School Dist. No. 1*, C16-1774-RAJ,

25   2018 WL 4630385, *4-6 (W.D. Wa. Sep. 27, 2018) (where the Court disallowed the plaintiff from

26   introducing damages evidence at trial that plaintiff failed to disclose in time under Rule 26(a) or (e))

27   ("Previously, in situations where parties fail to provide their damages calculations in their initial

28   disclosures and fail to supplement them, this Court has prohibited those parties from introducing damages

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 4

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

1  evidence at trial.").  For that reason alone, it must be excluded.

2     **B.     Cypress's "Iteration No. 5" should be excluded.**

3         Likewise, Cypress should be precluded from presenting its "Iteration No. 5" separately because,

4  as articulated, it proffers a damages theory based on chips that are beyond the capacity requirements of

5  the Ninth Amendment.  Again, as discussed supra, Cypress will at most be able to recover its direct

6  "cover" damages only, as those damages are defined under Section 2-712 and 2-713 of the Washington

7  Commercial Code.  This will require Cypress to prove (1) the number of chips that Hynix agreed to

8  provide under the Ninth Amendment in 2013, and (2) the extra "cover" costs it had to pay to replace or

9  "cover" those contracted goods that Hynix agreed to but did not provide.  If Cypress is offering the buffer

10  inventory as amounts beyond the contracted chips under the Ninth Amendment, then section 14.6 and the

11  Limiting Instruction again precluded Cypress from doing so.

12         Moreover, Cypress as a subrogee cannot recover any damages purportedly caused to Microsoft by

13  Hynix's lack of "Buffer Inventory" before the fire.  Cypress itself contends that the Wuxi fire "caused the

14  breach of contract for which Microsoft was reimbursed.  The fire caused the underlying harm and

15  reimbursement to Microsoft by Cypress as a result of the breach of various provisions of the Agreement

16  and Ninth Amendment."  (Dkt. No. 216 (Cypress Trial Brief) at 34.)  But the Wuxi fire occurred on

17  September 4, 2013, (*id.* at 11), and by definition, could not have caused any breaches by Hynix *before*

18  *that date* that Cypress reimbursed Microsoft for.  That includes any breaches of the "Buffer Inventory"

19  provision before September 4, 2013.

20         Again, since Cypress is a subrogee and *not* an assignee here (as this Court ruled on October 2,

21  2018 [Dkt. No. 53]), Cypress *has to* connect the dots between what they paid Microsoft for as part of its

22  insurance claim and what they are seeking in damages here.  After all, there is a "real, if subtle,

23  distinction between subrogation and assignment."  *Ohio Sec. Ins. Co. v. Puget Sound Energy, Inc.*, No.

24  C18-987-MJP, 2018 WL 4501743, at *3 (W.D. Wash. Sept. 20, 2018) (citation omitted).  "Subrogation

25  presupposes *actual payment and satisfaction of a debt* or claim to which the payor is subrogated, whereas

26  under an assignment of a right or claim, the whole right or claim is assigned. In essence, while

27  subrogation is a designation of proceeds recovered from a wrongdoer, an assignment transfers the entire

28  cause of action to the insurer." *Absher Const. Co. v. N. Pac. Ins. Co.*, No. C10-5821JLR, 2012 WL

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 5

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

13707, at \*5 (W.D. Wash. Jan. 3, 2012) (*citing* 16 Couch on Insurance § 222:53 (3rd ed. Updated Nov. 2011)) (emphasis added).  In other words, to recover damages in this action, Cypress has to show both that (1) Microsoft incurred those damages as a result of Hynix's breach *and* that (2) Cypress paid for those damages as part of Microsoft's insurance claim.

But since any purported damages from a lack of Buffer Inventory (if any) must have been caused by pre-fire breaches by Hynix, they could not have been caused by the fire.  And since they could not have been caused by the fire, they could not have been the proper basis for any reimbursement by Cypress to Microsoft.  Therefore, Cypress should be prevented from offering any such damages opinions at trial, and "Iteration No. 5" should be excluded.

**C.    Cypress should be precluded from referencing this Court's prior rulings regarding Hynix's lack of "Buffer Inventory" and a written "Disaster Recovery Plan."**

Cypress apparently intends to reference as part of its case in chief this Court's ruling that Hynix did not have a "Buffer Inventory" and a written "Disaster Recovery Plan" before the fire.  But the Court's prior rulings should be presented to the jury through an appropriate instruction, not through evidence or argument, as any express references during the parties' presentations would be unduly prejudicial to Hynix.  Likewise, if Hynix were permitted to expressly reference the Court's ruling that Cypress sought, but is now precluded from recovering, more than $77 million in indirect damages, that would be unduly prejudicial to Cypress.  (Instead, it is appropriately the subject of a limiting instruction such as Limiting Instruction No. 58.)

Accordingly, Hynix respectfully requests that both parties be precluded from expressly referencing the Court's prior rulings as part of their cases in chief.  The special verdict form, as currently drafted, provides the jury with guidance that, as to the buffer inventory and the written disaster recovery plan, the issue of breach has been decided.  No further commentary is necessary from the parties.

**III.    CONCLUSION**

For the foregoing reasons, Hynix's motion *in limine* and the relief requested herein should be granted.

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 6

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

1 | DATED this 27th day of February, 2019

2

3 | /s/ *Alex Baehr*

4 | Alex Baehr (WSBA #25320)
SUMMIT LAW GROUP

5 | 315 5th Ave. S Suite 1000
Seattle, Washington 98104

6 | Phone (206) 676-7039
Local Counsel for SK Hynix America, Inc.

7

8

9 | /s/ *Timothy B. Yoo*

10 | Ekwan E. Rhow (*pro hac vice*)
Timothy B. Yoo (*pro hac vice*)

11 | Jen C. Won (*pro hac vice*)
Tristan S. Favro (*pro hac vice*)

12 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

13 | 1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561

14 | Phone (310) 201-2100

15 | Fax (310) 201-2110
*Counsel for SK Hynix America, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 7

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants in this case who are registered CM/ECF users.  I further certify that all participants to this case are registered with the CM/ECF system, and therefore no participant need be served by conventional methods.

/s/ Jen C. Won
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG &
RHOW, P.C
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Phone (310) 201-2100
Fax (310) 201-2110
*Counsel for SK Hynix America, Inc.*

DEFENDANT SK HYNIX AMERICA INC.'S MOTION IN LIMINE
(2:17-CV-00467-RAJ)
Page 8

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS,LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561, Tel: (310) 201-2100