HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

        Plaintiff,

    v.

SK HYNIX AMERICA, INC.,

        Defendant.

Case No. 2:17-CV-00467-RAJ

**ORDER ON HYNIX'S MOTION *IN LIMINE***

## I. INTRODUCTION

This order concerns Hynix's motion *in limine* to exclude (i) Cypress' Damages Iteration No. 4, (ii) Cypress' Damages Iteration No. 5, and (iii) references to the Court's summary judgment rulings. Dkt. # 228. The Court **GRANTS in part** and **DENIES in part** Hynix's motion.

    **i.    Presentation of Damages Iteration No. 4**

The Court **GRANTS** Hynix's motion. After the fire, Microsoft entered into a

ORDER – 1

supply agreement with Samsung for DRAM chips on unfavorable terms, which resulted in Microsoft purchasing more chips than it wanted. *See* Dkt. # 231 at 10. Cypress argues the entire supply contract with Samsung is recoverable as cover damages and intends to present this to the jury. *See id.* at 10 n. 4 (explaining that the requirement for Microsoft to buy more chips into mid-2014 is bound into one "cover cost package"). The definition of consequential damages under 62A.2-715 plainly includes losses which "could not reasonably be prevented by cover." The purchase of additional chips beyond cover is a consequential loss of the breach and not recoverable here. However, this ruling does not prevent Cypress from presenting evidence of Microsoft's total loss to the jury. As the Court previously ruled, it may do so subject to a limiting instruction. Dkt. # 199 at 8.

Cypress also contends that Hynix's voluntary payor defense should be stricken as a matter of law. Dkt. # 231 at 5. First, this argument is more appropriately the subject of a motion for reconsideration. Second, the Court has considered the supplemental briefing and finds nothing that would warrant an alteration or modification of the Court's prior order. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (requiring the presentation of newly discovered evidence, clear error, or an intervening change in the controlling law under Rule 59(e)).

### ii. Presentation of Damages Iteration No. 5

The Court **DENIES** Hynix's motion. Cypress' response makes clear that Iteration No. 5 seeks damages for chips purchased in September and December 2013 that would not have occurred if the required buffer inventory had been maintained. Dkt. # 231 at 13. This theory falls squarely within the realm of cover damages.

### iii. References to the Court's summary judgment rulings

The Court **GRANTS** Hynix's motion. The Court will prohibit either party from referencing the Court's prior rulings in this case to the jury.

//

//

ORDER – 2

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Hynix's motion. Dkt. # 228.

DATED this 4th day of March, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3