**Cypress Insurance Company v. SK Hynix America, Inc.**
**C17-467 RAJ**


**Court's Rulings on Cypress' Objections to Hynix's Deposition Designations (Dkt. # 213)**


**LAUREN FIELD**

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 26:3 - 9 | Relevance, Foundation | Whether AON was paid and how much is irrelevant and unduly prejudicial particularly when the witness has no knowledge of the amount paid. | This testimony is relevant to Hynix's voluntary payment defense. | **OVERRULED** |
| 29:10 - 12 | Relevance | This is irrelevant and unduly prejudicial given the fact that Jack Peterson is deceased. | The testimony simply asks whether Ms. Field had spoken to any other individuals at Vericlaim:<br><br>Q:  Did you communicate with anyone else at Vericlaim in relation to this claim?<br>A:  At Vericlaim, no.<br><br>(Field Dep. 29:10-12.) | **OVERRULED** |

| | | | Mr. Peterson is not mentioned in these lines. | |
|---|---|---|---|---|

## S.W. JEONG

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 76:7 - 14 | Foundation | The witness does not know and his answer is misleading and unduly prejudicial since it is not supported by any evidence presented by Hynix in this case. | Witness testified that he had knowledge of a rejection.<br><br>(Jeong Dep. 47:11-16.) | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 82:5 - 83:24 | Relevance, Foundation | Addresses Polaris technology which is not pertinent to the case and the witness lacked sufficient knowledge and facts to answer the questions. | Witness specifically stated that he was aware of the Polaris technology:<br><br>Q.    Have you ever heard of lines called like PL for Polaris at Wuxi?<br>A.    (English) Polaris Technology?<br>Q.    Polaris, sure.  Yes.<br>A.    (English) Polaris Technology.  Yeah.<br><br>(Lee Dep. 82:5-82:9.)<br><br>Moreover, his testimony is being provided as helpful foundation to discuss other technologies, specifically Huma, to which Cypress cites. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 35:8 – 14 | Foundation, Incorrect Hypothetical | The quantity of 51 million DRAM chips is incorrect. As such, it is unduly prejudicial for the jury to be apprised of this number when it is an incorrect number and the witness's answer is based on the incorrect number. | The quantity of the chips that were delivered in the relevant time period is currently in dispute; however, Hynix believes that Parties should work towards a stipulated amount. | **OVERRULED** |

**Court's Rulings on Hynix's Objections to Cypress' Deposition Designations (Dkt. # 219-1)**

<u>**LAUREN FIELD**</u>

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 32:13-17 | Foundation; hearsay | Witness failed to establish sufficient foundation that she was aware of what Microsoft's "various efforts" were to produce as many consoles as they did.  Even if she did, her statements are being offered to establish the truth of the matter asserted that "because of [Microsoft's] various efforts, they were able to get as many consoles out in the market" and that "[t]hey were able to produce the amount they needed."  These are her opinions, not fact, and are thus hearsay.  Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process.

The foundation for the testimony of the witness is she is a corporate representative for AON who testified regarding 21 topics including, but not limited to, the insurance claim, the claims handling process for the claim, communications regarding the loss, recovery under the policy for the claim, investigation of the claim under the policy, and the decision to pay the claim by Cypress or the reinsurers. As a Rule 30(b)(6) witness, Ms. Kist was not required to have personal knowledge. *See, e.g.,* | **OVERRULED** – Deponent was involved in claims preparation and business interruption calculation pre- and post-loss. |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | *Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096 (N.D. Cal. 2015); *Harris v. Vector Mktg. Corp.,* 656 F. Supp. 2d 1128, 1132 (N.D. Cal. 2009); *Barrilleaux v. Mendocino County*, 2018 WL 3585133 (N.D. Cal. July 26, 2018).<br><br>Q    And do you understand that SK Hynix America, the defendant in this case, has asked Aon to prepare a witness to testify on various topics reflected in this document?<br>A    Yes.<br>Q    And you understand that you have been designated by Aon to testify on behalf of the company about certain of these topics?<br>A    Yes.<br>Q    And if you can turn to, there's an Exhibit 1 on this document, and that is a subpoena that was served on Aon and then behind that is | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | an Attachment A. If you look at Page 3 of the attachment, there's a page where it states Matters for Testimony beginning in the middle of the page. Do you see that? A  Yes. Q  And if you look at this, it lists, you know, various topics I think 1 through 26 extending to Page 5 of the attachment. Do you see those? A  Yes. Q  And my understanding is that, Ms. Field, you have been designated to testify as to Topics 6 through 26 in this notice. A  Yes.<br><br>(Field, Lauren, 7:14-8:12) | |
| 116:11-14 | Foundation, legal opinion; hearsay | Witness is offering her lay opinion as to whether chips were provided in accordance with a contract. In other words, she is providing a | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | legal conclusion based on her analysis of the agreement and the documents she reviewed. Fed. R. Evid. 602, 701, 801, 803. | | |
| 125:3-9 | Foundation; speculation; hearsay | Witness is opining on whether Microsoft "had any belief that the damages that it was submitting to insurers through Aon were the result of something other than the . . . fire at Hynix." She is neither a Microsoft 30(b)(6) witness nor an employee of Microsoft, so she cannot offer her opinions as to what Microsoft's beliefs were at the time. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |
| 125:10-15 | Foundation; speculation; hearsay | Same as the above, except the question asks the witness to opine about the beliefs of "any reinsurer" and is thus improper. Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |
| 126:10-14 | Foundation; speculation; hearsay | Same as the above, where the witness is opining on what Microsoft's beliefs were. Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 126:15-19 | Foundation; speculation; hearsay | Same as the above, where the witness is opining on what other reinsurers' beliefs were. Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |
| 127:9-14 | Foundation; speculation; hearsay | Same as the above, where the witness is opining on what Microsoft's beliefs were. Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |
| 127:15-19 | Foundation; speculation; hearsay | Same as the above, where the witness is opining on what other reinsurers' beliefs were. Fed. R. Evid. 602, 701, 801, 803. | Witness is knowledgeable since she was involved in the claim process; see further explanation above. | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 20:19-25 | Foundation | Witness testified that he does not recall. Fed. R. Evid. 602, 701. | Just because the witness does not recall or remember, it does not make the question objectionable. The foundation for the two specific questions exist. The fact that he does not recall in and of itself may be relevant given his role at the relevant time frame as manager of the sales team for the Microsoft account. The question and answer are further relevant given the issue of whether Hynix afforded Microsoft priority allocation of chips and Hynix's defense of commercial reasonableness as to Microsoft. Moreover, Hynix has added numerous answers in which this witness and others responded "I don't know" – see for example, page 60 of this deposition. | **OVERRULED** |
| 37:13-14 | Relevance; prejudice | Witness subsequently answered the question. Fed. R. Evid. 403. | The witness asked the questioner, not his counsel, whether he needed to answer | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | after objection by Hynix's counsel  This is a reflection on the witness, including his veracity, as well as on the relevancy and importance of the question, and is not objectionable and should be included for completeness. | |
| 46:22-25 | Relevance; incomplete record | Witness previously stated that he did not see any purchase orders.  Also, witness' answer to the question is not included.  Fed. R. Evid. 403. | The answer was inadvertently omitted.  It will be added in the next version of designated testimony.  Also, the witnesses prior statement that he did not *see* any purchase orders does not make the question at issue as to whether he is *aware* of such purchase orders improper or irrelevant.  He may have been able to answer the question without having seen any purchase orders via other means. | **OVERRULED** |
| 55:24-56:4 | Relevance; argumentative | Question is argumentative and irrelevant.  Fed. R. Evid. 403. | The question is relevant given Hynix's defense that it was in a capacity constraint situation at the time.  The witness already testified that he believed the capacity | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | constraint was industry wide (50:9-12). This question is inquiring regarding that testimony and therefore not argumentative. The question and the answer are particularly relevant given Hynix's defense of commercial reasonableness as to Microsoft. | |
| 67:1-20 | Relevance; argumentative | Question is argumentative and irrelevant. Fed. R. Evid. 403. | The question is relevant to Hynix's knowledge of the critical importance of Microsoft obtaining the chips from Hynix for the Rollout of the Xbox One. It also goes to the issue of mitigation. The question is not argumentative and asks directly about the witness's knowledge regarding Microsoft's need of chips for the Rollout of the Xbox One. The question and the answer are particularly relevant given Hynix's defense of commercial reasonableness as to Microsoft. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 75:2-15 | Foundation | Witness testified that he did not recognize the email and did not write the specific line in question. Fed. R. Evid. 602, 701. | The witness is on the email chain (Exhibit 81). He recognized being on the email chain and admitted to having received the email. In addition, the entire Exhibit is an admissible party admission by Hynix which the witness can be questioned upon based upon his employment and knowledge. *See* F.R.E. 901(a); *see* F.R.E. 801(d)(2) *see also MGM Studios, Inc. v. Grokster*, 454 F.Supp.2d 966, 971-975 (CD Cal. 2006). Therefore, there is a proper foundation for the question. | **OVERRULED** |
| 115:23-116:19, 118:21-25, 120:10-19, 121:2-14 | Foundation | Witness testified that he did not know the document. Fed. R. Evid. 602, 701. | The witness is on the email chain and indeed forwarded the email chain and attachments and referenced same in his email. (Exhibit 83). In addition, the entire Exhibit including the attachment, is an admissible party admission by Hynix which the witness can be questioned upon based upon | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | his employment and knowledge and receipt and obvious review and dissemination of same to other Hynix employees. *See* F.R.E. 901(a); *see* F.R.E. 801(d)(2) *see also MGM Studios, Inc. v. Grokster*, 454 F.Supp.2d 966, 971-975 (CD Cal. 2006). Therefore, there is a proper foundation for the question. | |

**PETER JONES**

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 51:10-22; 52:16-54:10; 59:9-18; 60:9-61:18; 62:4-16; 63:14-17; 63:22-64:13; 64:19-65:1 65:24-66:5; 66:9-10; 66:14-24; 70:12-14; 75:3-21; 76:3-8; 76:15-20; 78:8-11; 85:14-21; 86:8-18; 87:1-6; 88:2-11; 89:3-11; 89:22-90:1; 93:21-22; 94:7-15; 95:20-24; | Hearsay; improper testimony as a lay witness | Mr. Jones' testimony is that of a lay witness, not an expert. However, he was not present during the time of the fire. He is neither an employee of Hynix nor employed by Hynix:<br><br>Q.    With regard to the September 4, 2013 fire, were you retained on behalf of Sk Hynix?<br>A.    No.<br>Q.    Were you retained by the insurers of Sk Hynix?<br>Q.    Were you retained by any Sk Hynix entity relative to the September 4, 2013 fire?<br>A.    No.<br>Q.    And were you retained by the insurers and/or reinsurers that insured one or more of the Sk Hynix entities?<br>A.    Yes.<br>(Jones, Peter, 26:7-26:22) | Relevant to Hynix's claim that the fire is not the reason Hynix did not provide DRAM chips to Microsoft. Hynix provided a claim to its insurance claiming significant loss of wafers that could not be produced due to the fire. These losses in the amount of $236,779,689. Hynix also submitted a claim for lost equipment in the amount of $780,124,616. This evidence is relevant to the extent of fire damage and the impact on Hynix's ability to produce DRAM chips for sale to customers, including Microsoft. | **SUSTAINED** as to the below, and otherwise overruled. Testimony is either hearsay or improper lay testimony. *See* FRE 701.<br>• 60:9-61:18;<br>• 64:19-65:1;<br>• 66:14-24;<br>• 70:12-14;<br>• 75:3-21;<br>• 76:3-8;<br>• 76:15-20;<br>• 78:8-11;<br>• 86:8-18;<br>• 87:1-6;<br>• 94:7-15;<br>• 95:20-24;<br>• 96:7-18;<br>• 96:23-99:7;<br>• 100:8-15;<br>• 100:21-101:2;<br>• 108:9-15;<br>• 108:17-109:3;<br>• 109:17-21; |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 96:7-18; 96:23-99:7; 100:8-15; 100:21-101:2; 108:9-15; 108:17-109:3; 109:17-21; 117:17-21; 119:18-21; 121:11-122:17; 122:23-123:21 | | He merely analyzed a claim prepared by the entity Marsh FACS, who prepared Hynix Wuxi's insurance claim for its fire:<br><br>Q.    Tell me what the scope of your work was relative to the September 4, 2013 fire.<br>A.    The scope of my work was to evaluate the claim presented by an entity Marsh FACS on behalf of Sk Hynix Wuxi and to form my own opinion as to the financial damages as a result of the fire.<br>Q.    Now, you mentioned an entity that submitted the claim, what was that entity?<br>A.    Marsh FACS, F-A-C-S.<br>Q.    And who is Marsh FACS?<br>A.    It's a division of Marsh, which is a brokerage -- insurance brokerage company that prepares claims on behalf of Marsh's clients. | | • 119:18-21;<br>• 121:11-15;<br>• 122:23-123:21. |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | (Jones, Peter, 26:23-27:12)<br><br>Q.    So if I understand you correctly then, Marsh FACS worked with their customers and they assembled and presented the claim on behalf of the three insured entities?<br>A.    Yes.<br>Q.    And then what was your role with regard to that claim?<br>A.    I analyzed the Marsh FACS claim and I measured the financial damages based on my experience and records provided.<br>(Jones, Peter, 30:11-30:20)<br><br>Thus, his testimony is (1) inadmissible hearsay because it is being offered only to prove the truth of the matter asserted of statements made by others and (2) inadmissible lay opinion that is not based on his perception or personal knowledge but is based on specialized | | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | knowledge.  Fed. R. Evid. 602, 701, 801-803 | | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 42:20-25, 43:3-10 | Foundation; incomplete hypothetical | Witness speculated on an incomplete hypothetical. Fed. R. Evid. 602, 701. | The witness had knowledge to answer the question and sufficient facts were provided to confirm that it was possible to sell a 2133Mhz chip as a 1866 MHz chip since he acknowledged "you can always move downward. You can always run the higher speed chip at a lower speed but not vice versa ". *See Erich v. Venator Group, Inc.*, 2001 WL 96083 *2-3 (N.D. Ca); *Baker v.* Aramark *Uniform and Career Apparel, Inc.*, 2005 WL 2122050 *13 (E.D Ca). | **OVERRULED** |
| 53:8-10 | Legal opinion | Witness provided a legal conclusion. Fed R. Evid. 701. | Confirming that Hynix was required to have a Buffer Inventory is not a legal conclusion. It is a fact. | **OVERRULED –** Testimony does not call for legal conclusion. |
| 54:14-55:4 | Foundation; incomplete hypothetical; legal opinion | Witness was asked to provide a legal conclusion. Fed. R. Evid. 602, 701. | The information provided is factual as to the purpose of a Buffer Inventory, and confirming that Hynix was required to have a Buffer Inventory and the amount of | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | it are not legal conclusions. They are facts. | |
| 59:21-25 | Legal opinion | Witness provided a legal conclusion. Fed. R. Evid. 701. | It is a factual issue as to whether Hynix ever rejected a Forecast, not a legal conclusion.. The factual nature of this inquiry is supported by the admissions of Hynix employees in pre-suit emails that if there are additional Microsoft purchase orders they should be rejected. See Tr. Ex. 70 and 270. | **OVERRULED** |
| 61:13-16 | Legal opinion | Witness was asked to provide a legal conclusion. Fed. R. Evid. 701. | It is a factual issue as to whether Hynix ever rejected a Purchase Order, not a legal conclusion or legal conclusion.. The factual nature of this inquiry is supported by the admissions of Hynix employees in pre-suit emails that if there are additional Microsoft purchase orders they should be rejected, and that Kaye would never ask Microsoft to cancel purchase orders. See Tr. Ex. 70, 73 and 270. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 71:20-23 | Legal opinion | Witness was asked to provide a legal conclusion. Fed. R. Evid. 701. | The witness was asked if he was instructed to stop accepting Purchase Orders. This is not a legal conclusion. The factual nature of this inquiry is supported by a pre-suit email from Kaye that he would never ask Microsoft to cancel purchase orders. See Tr. Ex. 73. | **OVERRULED** |
| 108:2-6 | Foundation; incomplete hypothetical | Witness speculated on an incomplete hypothetical. Fed. R. Evid. 602, 701. | The witness was provided sufficient facts and had sufficient knowledge to answer the question as to whether the fire prevented Hynix from providing DRAM chips to Microsoft. *See Erich v. Venator Group, Inc.*, 2001 WL 96083 *2-3 (N.D. Ca); *Baker v.* Aramark *Uniform and Career Apparel, Inc.*, 2005 WL 2122050 *13 (E.D Ca). The witness authored the email (Exhibit 62) that this line of questioning originated from and the email is an admissible party admission by Hynix which the witness | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | can be questioned upon based upon his employment and knowledge and creation and dissemination of same to other Hynix employees. *See* F.R.E. 901(a); *see* F.R.E. 801(d)(2) *see also MGM Studios, Inc. v. Grokster*, 454 F.Supp.2d 966, 971-975 (CD Cal. 2006). Therefore, there is a proper foundation for the question. | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 97:7-16 | Foundation | Witness did not sufficiently establish that she had knowledge of the implementation of Policy 1005.  She did not testify that she was involved with the actual claim preparation process, requiring the review of forecasts and budgets to estimate the size of the loss.  Her testimony shows only that she brought "oversight" to the account.<br><br>Q    What did you do for Microsoft in your role as a managing director beginning from 2007?<br>A    2007 I brought oversight to the account.  I was a strategic account leader.<br>Q    What do you mean by that you brought oversight to the account?<br>A    There was an account executive assigned to the account and I was the person | Relevant to Microsoft's claim and is relevant given Hynix's contention that Microsoft submitted a fraudulent claim.<br><br>The foundation for the testimony of the witness is she is a corporate representative for AON who testified regarding 11 topics including, but not limited to, communications between Cypress and Microsoft about coverage, the risk to the reinsurers, and the claims handling decisions relating to the loss. As a Rule 30(b)(6) witness, Ms. Kist was not required to have personal knowledge. *See, e.g., Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096 (N.D. Cal. 2015); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1132 (N.D. Cal. 2009); *Barrilleaux v. Mendocino* | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | that worked to try and bring resources to the account with the account executive.<br>Q    Who was the account executive for<br>Microsoft at the time?<br>A    Roger Van Der Vliet.<br><br>(Kist, Sherril, 14:11-14:13) | *County*, 2018 WL 3585133 (N.D. Cal. July 26, 2018).<br><br>(Kist, Sherril, pp. 8:19-9:20). | |
| 97:24-98:4 | Foundation; speculation | Witness did not establish that she had sufficient knowledge of all Microsoft interactions with its reinsurers to offer the statement that Microsoft never withheld information from its reinsurers.  Fed. R. Evid. 602, 701. | Relevant to Microsoft's claim and is relevant given Hynix's contention that Microsoft submitted a fraudulent claim; see further explanation above. | **SUSTAINED** – Witness did not establish Aon had knowledge of what Microsoft did with other reinsurers. |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 31:18-24 | Foundation; incomplete hypothetical | Witness speculated on an incomplete hypothetical:<br><br>Q.  Would you agree that if a customer issued purchase orders for over 80 million chips and hynix was not going to provide more than 30 million of those chips that that notification should be provided to the customer?<br><br>THE WITNESS:  Yes. (Lee, Sam, 31:18-31:24) | The witness addressed the custom and practice in the industry and how Hynix would expect its employees to perform under certain circumstances.   Sufficient facts were provided for the witness to unequivocally answer the question.  *See Erich v. Venator Group, Inc.*, 2001 WL 96083 *2-3 (N.D. Ca); *Baker v.* Aramark *Uniform and Career Apparel, Inc.*, 2005 WL 2122050 *13 (E.D Ca). The question and answer are directly relevant to Hynix's commercial reasonableness defense. Therefore, there is a proper foundation for the question. | **OVERRULED** |
| 72:10-11, 72:20-73:8, 73:24-74:20, 74:25-75:19 | Foundation | Witness stated that he did not know vis-à-vis the foundational question that led into a line of question regarding his knowledge about Hynix's yield rates: | The witness was provided sufficient facts and had sufficient knowledge to answer questions  about the yields for certain DRAM chips – 2133 and 1866. *See Erich v. Venator Group, Inc.*, | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 76:7-16 | | Q.  Do you know what the yield rate was for the 1866 megahertz chips? A.  (English) I don't know. (Lee, Sam, 72:7-72:9) | 2001 WL 96083 *2-3 (N.D. Ca); *Baker v.* Aramark *Uniform and Career Apparel, Inc.*, 2005 WL 2122050 *13 (E.D Ca).  He repeatedly provided answers, including detailed answers, to the questions rather than stating "I don't know" which is not a basis to exclude an answer on alleged lack of foundation but also mischaracterizes his responses, ***none*** of which were not "I don't know".  His testimony is also consistent with Hynix's admission that the yield rate for 2133 chips was 83%.  Therefore, there is a proper foundation for the question. | |
| 97:17-18 | Misstates testimony | Witness responded to million, not billion. | This was corrected in the record on page 98 that is included in the designations. | **OVERRULED** |