# Cypress Insurance Company v. SK Hynix America, Inc.
# C17-467 RAJ

## Court's Rulings on Hynix's Objections to Cypress' Deposition Designations (Dkt. # 239-1)

### BRIAN TOBEY

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 16:1-17:8 28:2-29:13; 31:11-32:7; 33:14-34:21; 44:14-24; 48:16-24; 52:23-54:13; 55:14-57:12; 62:3-17; 66:24-67:18; 68:19-69:18; | Foundation | As outlined in Hynix's General Objection, Hynix objects to the use of any part of Mr. Tobey's testimony because Cypress has failed to establish that Mr. Tobey is unavailable under the Federal Rules of Civil Procedure ("Rule") 32(a)(4), the use of deposition testimony in court proceedings in lieu of live testimony. Mr. Tobey is former employee of Microsoft and a resident of Washington and resides within approximately 20 miles of this Court. Fed R. Civ. Proc. 32(a)(4)(B). Cypress has neither indicated nor established (1) that Cypress was unable to "procure the | Mr. Tobey is no longer a Microsoft employee. He has informed counsel that he will be in California at his second home during March. He was available for live testimony on the February dates before Hynix moved for a continuance. We are still trying to convince him to agree to travel to Seattle to testify live during the week of March 18th and have kept Hynix updated. However, for now, we are advised he is out-of-state and not subject to subpoena.<br><br>All pre-fire conduct testimony should be subject | **SUSTAINED** without prejudice. Witness has not shown to be unavailable under Rule 32(a)(4). Cypress has not shown that it was unable to procure the witness's attendance by subpoena when the change in trial date occurred on January 18. Dkt. # 152. Cypress has also not demonstrated that Tobey would not voluntarily testify. |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | witness's attendance by subpoena" (i.e., no evidence of an attempt to serve Mr. Tobey), (2) that Mr. Tobey is now deceased, or (3) that he is ill or imprisoned. Fed. R. Civ. Proc. 32(a)(4)(A), (C)-(D). Thus, the Court must exclude the use of Mr. Tobey's deposition testimony.<br><br>In general, no foundation has been laid from Mr. Tobey's testimony. And it is unclear if he is testifying as to what his subordinates reported to him as opposed to his personal knowledge.<br><br>Additionally, Mr. Tobey testified that he did not personally oversee the Hynix account and had never reviewed the Ninth Amendment until the day before his deposition. Fed. R. Evid. 602, 701. | to Court's limiting instruction.<br><br>The witness has personal knowledge of the subject of testimony and hence has appropriate foundation. He testified that at the time he was corporate vice-president of all manufacturing and supply chain hardware operations (Tobey 6:14-15) and that the oversight of the Hynix account was under his control (Tobey 6: 16-22).<br><br>Further, the witness testified to specific details of discussions with Hynix leading up to the 9th Amendment.<br><br>Q. And do you know why Microsoft didn't have a back-up supplier?<br><br>A. …we had meetings with Hynix. We explained the vulnerability of the | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | Q. Okay. And at the time you left Microsoft, did you oversee the SK Hynix account?<br>A. Yeah.<br>Q. Okay.<br>A. Somebody working for me did.<br>Q. Okay. But ultimately that –<br>A. Reported up to me.<br>(Tobey, Brian, 6:16-6:22)<br><br>A: I haven't read this contract. You guys will have to. I'm sure it's in there.<br>(Tobey, Brian, 28:21-22)<br><br>Q. Okay. And did you negotiate the Amendment Nine to the Microsoft/SK Hynix contract?<br>A. I don't even know what Amendment Nine is until I saw it yesterday. I did not negotiate . . . Amendment Nine.<br>(Tobey, Brian, 30:3-20) | launch. We explained the reliance we would have on them. And they told us it wouldn't be a problem. (Tobey 15:8-14)<br><br>Also, Hynix's counter-designations include questions to Brian Tobey about the limited number of back-up suppliers and their relationship with Hynix (Tobey 20:5-22) and his knowledge of the qualifications of the Hynix chip for the Xbox.. Hynix can't argue on one hand that Tobey has insufficient personal knowledge of the relationship with Hynix and then, on the other, attempt to elicit testimony about other options for the Xbox launch.<br><br>Similarly, with respect to the 9th Amendment, Hynix has designated testimony wherein the witness is asked about the pricing terms (Tobey 24:4-7). | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | Q. Okay. So as you sit here today, you don't recall any specific discussions relating to Micron, SK Hynix, and Samsung as it related to the chips that ended up in the Xbox One?<br>A. No.<br>(Tobey, Brian, 14:12-14:16)<br><br>Moreover, Mr. Tobey's testimony on Microsoft's intent behind certain terms is inadmissible. *RSD AAP, LLC v. Alyeska Ocean, Inc.*, 190 Wash. App. 304, 315 (2015) ("[E]xtrinsic evidence of a party's subjective, unilateral, or undisclosed intent regarding the meaning of a contract's terms is inadmissible."). | The witness has the proper foundation to testify about typical supply contract terms and how they operate.<br><br>Q. The phrase capacity commitment does that have any special meaning to you?<br><br>A. What it means to me is that they have committed to making the parts that we require them to make. (Tobey 28:2-6)<br><br>Q. At a capacity commitment of 60 million, you would expect the supplier to be able to supply you 60 million?<br><br>A. Our contracts usually start with a number and…SK Hynix is obligated to the forecast we deliver within some time period. (Tobey 28:11-24)<br><br>This witness has described typical terms within a | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | Microsoft supply contract and how the forecast process operates. Based upon his role as vice-president of the supply chain operations and his personal experience with this and other contract relationships, this witness clearly has the foundation for this testimony.<br><br>When asked about whether or not Hynix could allocate under the contract, the witness references specific conversations at meetings with Hynix that he attended; There is proper foundation for this testimony.<br><br>Q. Did you believe that under the contract between Microsoft and SK, SK was allowed to allocate?<br><br>A. No. I believe…today that, not only contractually but in verbal agreements, when we told them they were | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | going to be in a single supply, they told me, "you will not have a problem". If there's a problem we will make sure you get your supply" (Tobey 66:20-67-4).<br><br>This testimony goes right to the heart of Microsoft's intentions in entering into the contract with Hynix and its expectations as to "priority" (which is part of the standard CPA-a version of which was signed with Hynix in 2004). The witness should be able to testify to what he told Hynix in advance, during contract discussions. | |
| 45:13-16 | Foundation; relevance | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>Additionally, Hynix objects to this testimony because Mr. Tobey is testifying as to another entity's state of mind. Fed. R. Evid. 602, 701. | Witness is testifying to personal knowledge of which companies were receiving priority after the Wuxi fire. Hynix has admitted that Apple had "super-priority" and this was clearly made known to Microsoft when Hynix was deciding who | **SUSTAINED -** Foundation |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | would receive chips after the fire. | |
| 67:19-68:1 | Non-responsive | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>Additionally, Hynix objects to this testimony because Mr. Tobey did not answer the question. | After the witness testified as to whether or not Hynix was allowed to allocate after the fire, Hynix asked whether when Hynix made certain statements (about guaranteeing Microsoft's chip supply) "if the fire was a foreseeable event". The witness answered: "as senior executives at a major corporation they understood all the potential ramifications of that commitment when they made it". (Tobey 67:19-68:1). Hynix may not like the answer but it is certainly an answer to the question and is in no way non-responsive. | **OVERRULED** |

**Court's Rulings on Cypress' Objections to Hynix's Counter-Designations (Dkt. # 237-1)**

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 14:12-17:8 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 15:8-25 for context. | As outlined in Hynix's General Objection, Hynix objects to the use of any part of Mr. Tobey's testimony because Cypress has failed to establish that Mr. Tobey is unavailable under the Federal Rules of Civil Procedure ("Rule") 32(a)(4), the use of deposition testimony in court proceedings in lieu of live testimony. Mr. Tobey is former employee of Microsoft and a resident of Washington and resides within approximately 20 miles of this Court. Fed R. Civ. Proc. 32(a)(4)(B). Cypress has neither indicated nor established (1) that Cypress was unable to "procure the witness's attendance by subpoena" (i.e., no evidence of an | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | attempt to serve Mr. Tobey), (2) that Mr. Tobey is now deceased, or (3) that he is ill or imprisoned. Fed. R. Civ. Proc. 32(a)(4)(A), (C)-(D). Thus, the Court must exclude the use of Mr. Tobey's deposition testimony.<br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | |
| 17:9-19:7 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 17:19-19:7 for context. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 20:5-22 | Foundation, Context and subject to Limiting Instruction as to pre-fire conduct | Witness had no involvement in pre-fire discussions with Samsung and Micron (Tobey 20:15-22). Further, all testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 20:9-14 for context.. | Hynix repeats its above objection based on Rule 32(a) in its entirety. To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix's counter-designations are designed to highlight Mr. Tobey's lack of foundation. To the extent that Cypress objects to Hynix's counter-designations on the basis of foundation, Hynix agrees that all such objections should apply, which then should be applied with equal force to all parties.<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **OVERRULED** as to the foundation objection and otherwise sustained. |
| 25:5-9 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's | Hynix repeats its above objection based on Rule 32(a) in its entirety. | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | designation 28:2-29:13 for context. | To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | |
| 28:1-29:13 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 28:2-29:13 for context. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **SUSTAINED** |
| 31:11-32:12 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 31:11-32:7 for context. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | |
| 33:14-35:15 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 33:14-34:21 for context. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **SUSTAINED** |
| 36:5-37:4 | Foundation and calls for a legal conclusion. ER 401 and ER 403. | The prejudice outweighs the probative value, it is duplicative of other testimony and answer is nonresponsive to question and otherwise irrelevant. Reason: Witness is asked about whether a forecast is binding and if he would direct counsel to the | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows: | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | contract. Witness answers: "I haven't read this contract…it was below my pay grade to sign". (Tobey, 36:13-15). | Hynix's counter-designations are designed to highlight Mr. Tobey's lack of foundation. To the extent that Cypress objects to Hynix's counter-designations on the basis of foundation, Hynix agrees that all such objections should apply, which then should be applied with equal force to all parties.<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | |
| 54:14-22 and 55:8-13 | Subject to Limiting Instruction as to pre-fire conduct and Context | All testimony should be subject to Limiting Instruction as to pre-fire conduct and Hynix additions should be included with plaintiff's designation 52:23-54:13 and 55:14-57:12 for context. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 64:2-21 | Subject to Limiting Instruction as to pre-fire conduct | All testimony should be subject to Limiting Instruction as to pre-fire conduct. | Hynix repeats its above objection based on Rule 32(a) in its entirety.<br><br>To the extent that the Court permits Mr. Tobey's testimony, Hynix's response is as follows:<br><br>Hynix agrees that all testimony should be subject to Limiting Instruction No. 59. | **SUSTAINED** |