**Cypress Insurance Company v. SK Hynix America, Inc.**
**C17-467 RAJ**

<u>**Court's Rulings on Cypress' Objections to Hynix's Counter-Designations (Dkt. # 251)**</u>

<u>**SHERRIL KIST**</u>

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 41:4 – 16 | Foundation; Relevance | Premiums not relevant to coverage of the underlying claim and the witness has no basis as the claims preparer to testify regarding premiums Microsoft paid or Cypress received.  F.R.E. 401, 602 | Ms. Kist's answer relates to the issue of voluntary payor and is thus relevant.  Moreover, she is being questioned on an email (Exhibit 196) that was directed to her.  Additionally, parties have stipulated admissibility to that email on March 4, 2019. | **OVERRULED** |
| 43:1 – 11 | Relevance | Premiums not relevant to coverage of the underlying claim and the witness has no basis as the claims preparer to testify regarding premiums Microsoft paid or the Reinsurers received.  F.R.E. 401, 602 | Ms. Kist's answer relates to the issue of voluntary payor and is thus relevant.<br><br>Q.  Were reinsurance premiums relevant to this particular policy?<br>. . .<br>A.  Because reinsurance premiums are part of what makes up the policy. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | (Kist Dep., 43:1-6.) | |
| 45:19 – 46:7 | Relevance | Business impact analysis has no relevance to any issues in the case including the insurance claim, payment of the underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | Ms. Kist's answer relates to the issue of voluntary payor and Cypress' evidence of damages.<br><br>Q. Can you tell me what this analysis is for?<br>A. Yes. It's a business impact analysis that actually reviews Microsoft's, you know, revenues and impacts to their revenues throughout the year.<br>Q. Impact of what?<br>A. It could be the impact of a loss.<br>Q. Do you know who came up with the data that's contained in this document?<br>A. Yes.<br>Q. Who was it?<br>A. Microsoft.<br><br>(Kist Dep., 45:22-46:7.) | **OVERRULED** |
| 48:13 – 20 | Relevance | Pre-loss conduct has no relevance to any issues in the case including the insurance claim, coverage of the | Per the Court's ruling on Limiting Instruction Nos. 58 and 59, it follows that pre-loss conduct is relevant to the | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | issues in the case. (Dkt. No. 245.) Here, such testimony goes to whether Microsoft acted in a commercially reasonable manner or whether payments made by Cypress to Microsoft were properly made under the insurance policy. | |
| 54:18 – 54:24 | Relevance | Microsoft claim history has no relevance to any issues in the case including the insurance claim, payment of the underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | Ms. Kist's testimony is part of a longer line of questioning (including the below), which goes to Microsoft's pre-fire conduct vis-à-vis Hynix's voluntary payor defense.<br><br>Per the Court's ruling on Limiting Instruction Nos. 58 and 59, pre-loss conduct is relevant to the issues in the case. (Dkt. No. 245.) Such testimony goes to whether Microsoft acted in a commercially reasonable manner or whether payments made by Cypress to Microsoft were properly | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | made under the insurance policy. | |
| 57:3 – 5 | Relevance | Warehouse locations has no relevance to any issues in the case including the insurance claim, payment of the underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | Ms. Kist's testimony is part of a longer line of questioning (including the below), which goes to Microsoft's pre-fire conduct vis-à-vis Hynix's voluntary payor defense.<br><br>Per the Court's ruling on Limiting Instruction Nos. 58 and 59, pre-loss conduct is relevant to the issues in the case. (Dkt. No. 245.) Such testimony goes to whether Microsoft acted in a commercially reasonable manner or whether payments made by Cypress to Microsoft were properly made under the insurance policy. | **SUSTAINED** |
| 59:15 – 61:16 | Relevance | Microsoft risk in its insurance program has no relevance to any issues in the case including the insurance claim or coverage of the underlying contingent | Ms. Kist's testimony is part of a longer line of questioning (including the below), which goes to Microsoft's pre-fire conduct | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | business interruption claim to Cypress as the issues are pre-loss. F.R.E. 401 | vis-à-vis Hynix's voluntary payor defense.<br><br>Per the Court's ruling on Limiting Instruction Nos. 58 and 59, pre-loss conduct is relevant to the issues in the case. (Dkt. No. 245.) Such testimony goes to whether Microsoft acted in a commercially reasonable manner or whether payments made by Cypress to Microsoft were properly made under the insurance policy. | |
| 62:9 – 63:2 | Relevance | Suppliers named in the Cypress policy has no relevance to any issues in the case including the insurance claim, payment of the underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | Ms. Kist's testimony is part of a longer line of questioning, which goes to Microsoft's pre-fire conduct vis-à-vis Hynix's voluntary payor defense.<br><br>Per the Court's ruling on Limiting Instruction Nos. 58 and 59, pre-loss conduct is relevant to the issues in the case. (Dkt. No. 245.) Such testimony goes to whether | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | Microsoft acted in a commercially reasonable manner or whether payments made by Cypress to Microsoft were properly made under the insurance policy. | |
| 65:13 – 17 | Relevance | Business Impact Analysis has no relevance to any issues in the case including the insurance claim, payment of the underlying contingent business interruption claim to Cypress, or the voluntary payment defense of Hynix. F.R.E. 401 | Exhibit 199, to which parties stipulated to admissibility on March 4, 2019, is Microsoft's internal report risk analysis on the launch of the Xbox One, discussing its contingent business interruption of its Xbox One console and its "key" suppliers. Such documents are relevant to the issues of commercially reasonable efforts and/or voluntary payor. | **OVERRULED** |
| 67:3 – 11 | Relevance | Suppliers names in the Cypress policy has no relevance to any issues in the case including the insurance claim or coverage of the underlying contingent business interruption claim to Cypress. F.R.E. 401 | Exhibit 199, to which parties stipulated to admissibility on March 4, 2019, is Microsoft's internal report risk analysis on the launch of the Xbox One, discussing its contingent business interruption of its Xbox One | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | console and its "key" suppliers. Such documents are relevant to the issues of commercially reasonable efforts and/or voluntary payor. | |
| 73:1 – 10 | Relevance | Business Impact Analysis has no relevance to any issues in the case including the insurance claim or coverage of the underlying contingent business interruption claim to Cypress. F.R.E. 401 | Exhibit 199, to which parties stipulated to admissibility on March 4, 2018, is Microsoft's internal report risk analysis on the launch of the Xbox One, discussing its contingent business interruption of its Xbox One console and its "key" suppliers. Such documents are relevant to the issues of commercially reasonable efforts and/or voluntary payor. | **OVERRULED** |
| 77:5 – 16 | Foundation; Relevance | No foundation and not relevant as the civil authority provision of the Cypress policy was not at issue in the adjustment of the claim. F.R.E. 401 | Hynix's counter-designation establishes what Ms. Kist knows or does not know, which goes to the foundation of Cypress' designations. | **SUSTAINED** |
| 91:11 – 25 | Relevance | Testimony has no relevance to any issues in the case including the insurance claim | Ms. Kist is being question on Exhibit 200, to which parties stipulated admissibility on | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | or coverage of the underlying contingent business interruption claim to Cypress. F.R.E. 401 | March 4, 2019, and it goes to Hynix's defense of voluntary payor as it is part of how the insurance claim was handled. | |
| 95:20 – 96:1 | Foundation; Relevance | No foundation and has no relevance to the insurance claim or coverage of the underlying contingent business interruption claim to Cypress. F.R.E. 401 | Hynix's counter-designation establishes what Ms. Field knows or does not know, which goes to the foundation of Cypress' designations. | **SUSTAINED** |

# LAUREN FIELD

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 47:8 – 47:16 | Foundation | The testimony was provided in response to an incomplete hypothetical and thus, is an improper opinion.  F.R.E. 701 | Ms. Field's response was not in response to an incomplete hypothetical but a line of questioning based off of a document that she was being question on:<br><br>Q  And did you review any materials other than what Microsoft provided you directly?<br>A  With respect to this particular bullet point?<br>Q  Yes.<br>A  No.<br>Q  And submitting a claim for incremental freight expenses would only have been appropriate if the incremental expenses were caused by the fire, right?<br>A  Correct.<br>Q  If those extra expenses were caused by reasons other than the fire, then submitting a claim for that amount | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | would not have been appropriate? A Correct.<br><br>(Field Dep., 47:2-16.) | |
| 64:15 – 16 | Foundation | The question posed lacks foundation as to whether the witness is qualified to offer an opinion re: "best practice" and submission to an insurance company as she is employed by a claim preparation company, not an insurance company. F.R.E. 701 | Ms. Field's answer is permissible under FRE 701 as it is based on her perception as someone who has substantial experience. Her answer puts in context her other testimony regarding the handling of the insurance claim and is thus helpful. Moreover, it is not based on any specialized knowledge as prohibited under FRE 701. | **OVERRULED** |
| 66:16 – 67:22 | Relevance | Ex. 207 related to negotiations in 2014 and is not relevant to the fire that occurred in 2013 or to any issue in the case. F.R.E. 401 | Ms. Field's answer goes to the calculation of consequential incremental chip costs that Cypress potentially paid for and is therefore relevant.<br><br>Q. When you say what amount is incremental, you wanted to get an idea of what the baseline to compare it against it was. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | A. Yes.<br><br>(Field Dep., 66:15-18.) | |
| 67:23 – 69:1 | Relevance | Issues of sole source and primary sourcing are not relevant to the payment of the insurance claim. F.R.E. 401 | Ms. Field's answer relating to sole sourcing and primary sourcing goes to the issue of voluntary payor. Moreover, her testimony discusses consequential incremental chip costs that Cypress potentially paid for and is therefore relevant.<br><br>Q. And when calculating the incremental chip costs, was it your understanding that the incremental cost was based on a comparison between what Microsoft paid for Samsung chips compared to what they would have paid for Hynix chips?<br>A. Yes.<br><br>(Field Dep., 68:10-15.) | **OVERRULED** |
| 69:10 – 71:19 | Foundation and Relevance | The email relates to a Samsung part that was the next generation and was not available prior to or at the | Ms. Field's testimony goes to both voluntary payor and the consequential incremental chip costs. Furthermore, Ms. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | time of the fire. The fact that Microsoft was going to consider purchasing these chips from Samsung in 2014 regardless of whether the fire occurred is not relevant to this litigation and no foundation has been provided by Hynix. F.R.E. 401 | Field's testimony is also based on an email, (Exhibit 207)—to which parties stipulated admissibility on March 4, 2019—where she was a recipient,<br><br>Q. So if we look back at the document at Exhibit 207, Mr. King tells you (reading) . . . .<br>A. Right.<br><br>(Field Dep., 70:24-71:6.) | |
| 82:25 – 84:1 | Foundation; relevance | This is not relevant to the fire and the claim as submitted to the insurers. F.R.E. 401 | Ms. Field's answer relates to the issue of voluntary payor and is thus relevant. Moreover, the questions are an attempt to establish foundation through her memory:<br><br>Q. Do you recall ever seeing . . .<br>. . .<br>Q. Do you recall ever asking Microsoft to provide you . . . .<br><br>(Field Dep., 82:25-83:11.) | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 84:8 – 25 | Foundation; relevance | This is not relevant to the fire and the claim as submitted to the insurers.  F.R.E. 401 | Ms. Field's answer relates to the issue of voluntary payor and is thus relevant. Moreover, her answer is based on her recollection of discussions.<br><br>Q.  What basis do you have to conclude that it was an immaterial amount then?<br>A.  My recollection of the discussion.<br><br>(Field Dep., 84:18-20.) | **OVERRULED** |
| 89:12 – 17 | Foundation | Witness has no recollection of the question posed. | Hyinx's counter-designation is being used to establish what Ms. Field knows or does not know, which goes to the foundation of Cypress' designations.  *See* Fed R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). | **OVERRULED** |
| 91:6 – 16 | Incomplete Hypothetical | The testimony was provided in response to an incomplete | Ms. Field's testimony is not an incomplete hypothetical and is based on a document | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | hypothetical and thus, is an improper opinion.  F.R.E. 701 | (Exhibit 212)—to which parties stipulated admissibility on March 4, 2019—that was presented to her.  Her testimony is rationally based on her perception of that document and the situation surrounding that document, is helpful to clearly understanding the rest of her testimony, and is not based on scientific, technical, or other specialized knowledge.  Thus, it is admissible. Fed. R. Evid. 701. | |
| 92:14 – 25 | Foundation and No Knowledge | The witness had never seen the email shown to her and the email does not state what Hynix claims it does, i.e. inconsistent with the ability of Hynix to supply 30.6 million DRAM chips.  F.R.E. 801 | Ms. Field's testimony goes to her knowledge of whether she had seen information similar to what was contained in the document presented before her.  In other words, her knowledge regarding the exact document before her is not at issue.  Moreover, this counter-designation is meant to establish what Ms. Field knows or does not know, | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | which goes to the foundation of Cypress' designations. | |
| 93:1 – 95:19 | Foundation and Hearsay | The witness has not seen the email and therefore, the testimony is hearsay as Hynix is offering it for the truth of the matter asserted, that the September support plan does not support the contract values.  F.R.E. 602, 801 | As explained in the previous response, Ms. Field's testimony goes to her knowledge of whether she had seen information similar to what was contained in the document presented before her.  Thus, because her testimony is about her knowledge and is not testifying as to the document before her, her testimony is not hearsay and is admissible. Fed. R. Evid. 701, 801. Moreover, Hynix's counter-designation is meant to establish what Ms. Field knows or does not know, which goes to the foundation of Cypress' designations. | **OVERRULED** |
| 98:5 – 23 | Foundation | The witness has not seen the email and therefore, the testimony is hearsay as Hynix is offering it for the truth of the matter asserted, that the September support plan does not support the contract | As explain in the previous responses, Ms. Field's testimony goes to her knowledge of whether she had seen information similar to what was contained in the document presented before | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | values. Moreover, the witness indicated that the email was not within the scope of information that she reviewed in preparation for the deposition. F.R.E. 602, 801 | her. Thus, because her testimony is about her knowledge and is not testifying as to the document before her, her testimony is not hearsay and is admissible. Fed. R. Evid. 701, 801. | |
| 101:4 – 6 | Argumentative | Improper question as argumentative. | The question is not argumentative as is meant to clarify her preceding testimony.<br><br>*Q. If a determination had been made that the limits would have been exhausted, how does that affect the disposition of the remaining portion of the claim?*<br>*A. Generally we'll cease working.*<br>Q. So it's kind of like a mercy rule in effect?<br>A. Exactly.<br><br>(Field Dep., 100:25-101:6.) | **OVERRULED** |
| 105:19 – 112:23 | Relevance; Prejudicial | The questioning relates to whether Microsoft ever provided email communications to Cypress or | Ms. Field's testimony goes to the issue of voluntary payor, such as what type of | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | Re-Insurers. Such documentation was not relevant to the claim. Moreover, Hynix cannot identify any email communications between Microsoft and Hynix in which Hynix advised Microsoft that Hynix would not have supplied the DRAM chips to Microsoft even if the fire had not occurred. The one document shown to the witness does not contain that information. In fact, the email indicates that Hynix noted that they were still ramping up and that yields would improve. Since there is no Hynix-Microsoft email that would support Hynix's position that they would not have supplied Microsoft with the DRAM chips had the fire not occurred, it is prejudicial for Hynix to submit this line of questioning to the jury. F.R.E. 401, 403 | information was provided by Cypress to its reinsurers:<br><br>Q. And was it Aon's view that email correspondence from Hynix to Microsoft in relation to the fire was not related to getting this claim approved?<br>A. If it wasn't an item that was requested, then we wouldn't have pulled it.<br><br>(Field Dep., 108:6-13.)<br><br>Moreover, Ms. Field is being questioned on documents to which parties have stipulated admissibility on March 4, 2019. | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 114:13 – 115:9 | Foundation | Witness has no recollection of the questions posed to her relating to information to support the claim. | This counter-designation is meant to establish what Ms. Field knows or does not know, which goes to the foundation of Cypress' designations. | **OVERRULED** |
| 129:15 – 130:2 | Foundation | Witness has no recollection of the questions posed to her relating to information to support the claim. | This counter-designation is meant to establish what Ms. Field knows or does not know, which goes to the foundation of Cypress' designations. | **OVERRULED** |

<strong><u>S.W. JEONG</u></strong>

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 57:19 – 24 | Relevance | Number of lines at Icheon has no relevance to the issues in the case. F.R.E. 401 | Icheon is the facility listed in the Ninth Amendment that produced Microsoft's 2133 DRAM chips. Given that Cypress' claim is that Hynix did not produce enough 2133 DRAM chips when Hynix allegedly could have, such information goes to the core of the litigation and is thus relevant.<br><br>Q. Okay. How many lines were there at Icheon for the manufacture of the DRAM chip?<br>A. Are you talking about the 2013?<br>Q. Yes.<br>A. One.<br><br>(Jeong Dep., 57:19-24.) | **OVERRULED** |
| 58:25 – 59:7 | Foundation; Relevance | The witness said that he is not related to production and cannot address capacity changes. F.R.E. 401, 602 | Hynix is providing its counter-designations to establish what Mr. Jeong knows or does not know, | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | which goes to the foundation of Cypress' designations. | |
| 60:11 – 24 | Foundation; Relevance | The testimony has no relevance to the issues and the witness has no recollection of the issue of capacity. F.R.E. 401, 602 | Hynix is providing its counter-designations to establish what Mr. Jeong knows or does not know, which goes to the foundation of Cypress' designations. | **OVERRULED** |
| 133:20 – 134:5 | Foundation; Relevance | The testimony has no relevance to the issues and the witness has no recollection of the document. F.R.E. 401, 602 | Cypress only partially designates Mr. Jeong's response. To address the omission of Mr. Jeong's full answer, Hynix has counter designated the rest of his answer. Moreover, Hynix is providing its counter-designations to establish what Mr. Jeong knows or does not know, which goes to the foundation of Cypress' designations. | **OVERRULED** |

## SAM LEE

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 43:25 – 44:4 | Duplicative | Witness previously answered this question<br><br>Q: Do you recall when the first time Hynix was able to produce 2133 megahertz chip?<br><br>A: No. I do not.<br><br>(Sam Lee, 23:15 – 17) | Witness did not previously answer the line of questioning:<br><br>Q. As you sit here today, do you know what percentage of chips – DRAM chips produced by Hynix in 2013 were 2133 megahertz?<br>A. I don't quite recall.<br>(Lee Dep., 44:5-12.)<br><br>Furthermore, Hynix is providing its counter-designations to establish what Mr. Jeong knows or does not know, which goes to the foundation of Cypress' designations. | **SUSTAINED** |

## PETER JONES

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| 32:10 – 20 | Relevance and prejudicial | Reinsurance of Hynix and the market of reinsurers is not | Cypress only partially designates Mr. Jones' | **SUSTAINED** |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | relevant to any issue in the case. Further, the testimony is prejudicial because it identifies AIG as a member of the market of Hynix reinsurers, which is a reinsurer of Cypress. F.R.E. 401, 403 | response. To address the omission of Mr. Jones' full answer, Hynix has counter-designated the rest of his answer.<br><br>Q. And do you know who the reinsurance carrier was?<br>A. It was a market panel.<br>*Q. Any U.S. insurers that made up part of the reinsurance panel relative to this loss?*<br>*A. There were U.S. based parent companies – insurance companies involved. I don't – I don't know if there was a separate legal entity in Hong Kong that handled it or something.*<br>*Q. Which local – which U.S. parent companies are you aware of that were involved in the reinsurance market?*<br>*Q. Let's see. AIG.*<br><br>(Jones Dep., 31:11-32:2) | |

| PAGE / LINE | NATURE OF OBJECTION | REASON | RESPONSE | COURT'S RULING |
|---|---|---|---|---|
| | | | Thus, the testimony is relevant to provide the full answer of what Cypress has designated and is not prejudicial for that reason. | |