HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY,

    Plaintiff,

v.

SK HYNIX AMERICA INC.,

    Defendant.

Case No. 2:17-cv-0467 RAJ

**ORDER**

This order addresses the parties' cross-motions on Trial Exhibits 61, 450, and 451, as well as the testimony of expert William Penn. Dkt. ## 258, 259. For the reasons below, the Court **GRANTS in part and DENIES in part** the parties' motions.

### A. Trial Exhibit 61

Cypress moves to admit Trial Exhibit 61, which contains hand-written notes to a draft version of the Ninth Amendment. Dkt. # 259. Cypress fails to demonstrate that the information in Trial Exhibit 61 was ever disclosed or communicated to Microsoft. "[E]xtrinsic evidence of a party's subjective, unilateral, or undisclosed intent regarding the meaning of a contract's terms is inadmissible." *RSD AAP, LLC v. Alyeska Ocean, Inc.*, 358 P.3d 483, 488 (Wash. App. 2015); *Bort v. Parker*, 43 P.3d 980, 988 (Wash. App. 2002). Therefore, the Court **DENIES** Cypress' motion.

### B. Trial Exhibit 450 & 451

Cypress also seeks to admit Trial Exhibits 450 and 451. These are Powerpoint slides that detail, in part, Hynix's DRAM allocation plans following the Wuxi fire. The Court

ORDER – 1

finds that portions of Trial Exhibits 450 and 451 are relevant to whether Hynix used commercially reasonable efforts in its dealings with Microsoft—including how Hynix chose to allocate DRAM chips to after the Wuxi fire.

As such, the Court **GRANTS** Cypress' motion in part. Cypress may offer into evidence the following provisions from Trial Exhibits 450 and 451:

- "Hynix will do its best efforts to minimize the impact and prioritize Dell";
- "SKH will do its best to prioritize Dell over current emergency situation";
- "SK Hynix will do its best efforts to minimize the impact and prioritize HP";
- "SK Hynix is committed to support HP with 1st priority."

Cypress is instructed to redact the remaining portions of Exhibits 450 and 451 before they can be admitted into evidence.

### C. Testimony of William Penn

Hynix moves to exclude William Penn from testifying regarding Opinion 6 and 8 of his expert report. The Court **DENIES** Hynix's motion. As the Court ruled previously, Mr. Penn may not testify about the parties' compliance with the CPA and Ninth Amendment, nor his interpretation of the same. To be clear, Mr. Penn may testify regarding "priority allocation" and "commercial reasonableness," but only as they relate to the semiconductor industry's standards and practices. However, he may not opine on whether any deviation from industry standards resulted in breach of the parties' agreement.

For the reasons stated above, the Court **GRANTS in part and DENIES in part** the parties' motions.

DATED this 12th day of March, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2