HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

Plaintiff,

v.

SK HYNIX AMERICA INC.,

Defendant.

Case No. 2:17-cv-00467-RAJ

ORDER

## I. INTRODUCTION

This order addresses Defendant SK Hynix America Inc.'s (Hynix) motion for judgment as a matter of law following the close of Plaintiff's case-in-chief. The Court heard oral argument from the parties on March 18, 2019. For the following reasons, the Court **GRANTS in part and DENIES in part** Hynix's motion.

## II. BACKGROUND

On March 5, 2019, the Court began a 10-day trial on Plaintiff Cypress Insurance Company's (Cypress) breach of contract action. Dkt. # 244. After Cypress rested its case on Day 7, Hynix moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Dkt. # 268. Hynix argues that it is entitled to judgment as matter of law on (i) whether Cypress may claim damages based on purchase orders for DRAM chips exceeding the 60 million amount in the Ninth Amendment's Capacity Table; (ii) whether Cypress may claim damages based on forecasts for DRAM chips; and (iii) whether Hynix

ORDER – 1

is liable for damages due to its breach of the buffer inventory and disaster recovery plan provisions. Before Hynix made its argument on damages based on forecasts, Cypress stated that it was no longer seeking to recover on that basis. Therefore, the Court will not address that contention herein.

## III. LEGAL STANDARD

Once a party has been fully heard on an issue during a jury trial, the court may grant a motion for judgment as a matter of law against the nonmoving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a); *Ritchie v. United States*, 451 F.3d 1019, 1022-23 (9th Cir. 2006). A court reviewing a motion for a judgment as a matter of law must construe all evidence in favor of the nonmoving party, in this case the Plaintiff. *Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).

## IV. DISCUSSION

### A. Damages based on purchase orders exceeding the 60 million DRAM chips listed in the Capacity Table

Hynix contends that Paragraphs 15.15 and 15.19 of the Component Purchase Agreement (CPA) are unambiguous and ultimately preclude Cypress from issuing purchase orders in excess of the 60 million DRAM chips listed in the Ninth Amendment's Capacity Table. Paragraph 15.9 states that "[t]his Agreement may not be modified except by a written agreement dated subsequent to the Effective Date and signed in a non-electronic form on behalf of Supplier and Microsoft by their respective duly authorized representatives." Tr. Ex. 1. Paragraph 15.15 states that, "[t]his Agreement will exclusively govern all purchases of Products by Microsoft and Subcontractors, and except for delivery dates and delivery locations stated in Purchase Orders, any additional terms on any Purchase Order, acceptance, confirmation or other written or electronic form, document or other communication will be of no effect and will be disregarded." *Id.*

The Court finds that Hynix has not met its burden on this issue. First, the terms of

ORDER – 2

the Ninth Amendment supersede all inconsistent terms contained in the CPA. Tr. Ex. 2. The Ninth Amendment also states that Microsoft currently intends to order at least fifty percent (50%) of its aggregate requirements for the 2133 DRAM chips," which does not signify a hard cap of 60 million DRAM chips. *Id* Nor did the jury hear undisputed evidence that a hard cap was the intent of the parties in drafting the Ninth Amendment. Where extrinsic evidence admits more than one reasonable inference, the court cannot interpret the contract as a purely legal matter. *Tanner Elec. Coop. v. Puget Sound Power & Light*, 911 P.2d 1301, 1310 (Wash. 1996). In light of the Rule 50(a) standard, the Court denies Hynix's motion on this issue.

**B.     Buffer Inventory and Disaster Recovery Plan provisions of the CPA**

Regarding the buffer inventory and disaster recovery plan provisions of the CPA, Hynix claims that these were pre-fire breaches and thus not recoverable by Cypress as a subrogee of Microsoft. The Court disagrees with Hynix's assertion that these breaches occurred in 2004 and therefore not recoverable. Indeed, the Ninth Amendment makes specific reference to a required level of buffer inventory of "2 weeks of then *current* forecast." Tr. Ex. 2 (emphasis added). The jury heard testimony that the then-existing forecast called for roughly 11 million DRAM chips as buffer inventory and heard what prices Microsoft paid other suppliers for DRAM chips following the fire. Therefore, Hynix fails show that there is no legally sufficient evidentiary basis for a reasonable jury to find that the lack of buffer inventory caused damages for which Cypress may recover.

However, the Court finds merit to Hynix's argument with respect to the disaster recovery plan provision, specifically as to the issues of causation and damages. Cypress failed to present legally sufficient evidence that the absence of a disaster recovery plan kept Microsoft from receiving DRAM chips as called for under the Ninth Amendment. There was no evidence of what a typical disaster recovery plan entails, or what effect it would have had on Hynix's ability to get DRAM chips to Microsoft, including in what amounts. Even in viewing the evidence in a light most favorable to Cypress, no reasonable jury could

ORDER – 3

find that absence of a disaster recovery plan caused the damages that Cypress seeks to recover. Accordingly, the Court will grant Hynix's motion as to the disaster recovery plan provision.

### V.   CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Hynix's motion.

DATED this 19th day of March 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4