HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

    Plaintiff,

    v.

SK HYNIX AMERICA INC.,

    Defendant.

Case No. 2:17-cv-00467-RAJ

ORDER

This order addresses Cypress' Objection to Defendant's Amended Proposed Jury Instruction No. 23 and its Motion to Exclude Reference to the "Unclean Hands" Defense. Dkt. # 246. For the reasons below, the Court **GRANTS** Cypress' motion.

## I. DISCUSSION

Cypress objects to Jury Instruction No. 23 and moves to exclude any reference to "unclean hands." Cypress contends that the unclean hands doctrine is inapplicable in a breach of contract action. Dkt. # 246. Hynix counters that it is not pursuing an unclean hands defense to Cypress' breach of contract claim. Instead, Hynix claims that the unclean hands defense bars Cypress' ability to pursue this action as a subrogee of Microsoft "based on Microsoft's inequitable conduct." Dkt. # 247.

It is established under Washington law that "whether arising by operation of law or under contract, subrogation is an equitable remedy subject to equitable defenses." *Transamerica Title Ins. Co. v. Johnson*, 693 P.2d 697, 701 (Wash. 1985) (en banc);

ORDER – 1

*Johnny's Seafood Co. v. City of Tacoma*, 869 P.3d 1097, 1101 (Wash. App. 1994) (stating that subrogation may only be invoked where the equities of the party asking for it are greater than those of his or her adversary). The ultimate purpose of subrogation is to avoid unjust enrichment. *See id.* (citing *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr.*, 831 P.2d 724 (Wash. 1992)).

The Court finds that Hynix has not shown that "unclean hands" applies given the facts of the case. First, the Court has already found that Hynix breached portions of the CPA and Ninth Amendment upon which Cypress sues, and thus it is not plainly inequitable for Cypress to seek recovery for breach under the parties' agreement under the facts of the case. Furthermore, courts in Washington have considered the conduct of the party seeking subrogation in determining whether an unclean hands defense should apply. *See, e.g.*, *Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 285 P.3d 892, 986 (Wash. App 2012); *Johnny's Seafood Co.*, 869 P.2d at 421-22; *see also Trident Seafoods Corp. v. Commonwealth Ins. Co.*, 850 F.Supp.2d 1189, 1203 (W.D. Wash. 2012) (explaining that under Washington law unclean hands precludes a party from obtaining equitable relief if the party has committed willful misconduct"). The evidence before the Court does not suggest "willful misconduct" on the part of Cypress and Hynix does not argue this point. Instead, Hynix relies on Microsoft's inequitable conduct, which is unpersuasive. Accordingly, the Court will grant Cypress' motion.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Cypress' motion.

DATED this 19th day of March, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 2