HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYPRESS INSURANCE COMPANY, as subrogee of Microsoft Corporation,

    Plaintiff,

v.

SK HYNIX AMERICA INC.,

    Defendant.

Case No. 2:17-cv-00467-RAJ

ORDER

## I. INTRODUCTION

Before the Court is Cypress' motion for reconsideration of the order excluding certain expert testimony from Malcolm Penn. Dkt. # 262. Cypress' motion is **DENIED**.

## II. DISCUSSION

As Local Civil Rule 7(h) explains, motions for reconsideration are disfavored. LCR 7(h). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id.*

Cypress claims the Court committed manifest error in excluding Penn's testimony that (1) Hynix failed to comply with applicable industry standard as to DRAM chip allocation based on Hynix's DRAM chip yields and (2) Hynix failed to comply with the industry standard for using commercial reasonableness in meeting Microsoft's 2133 DRAM chip requirements. According to Cypress, the Court's decision is manifest error

ORDER – 1

and contrary to Ninth Circuit precedent.

"The trial court is vested with broad discretion concerning the admissibility or exclusion of expert testimony and the court's action is to be sustained unless shown to be manifestly erroneous." *Reno-West Coast Distribution Co. v. Mead Corp.*, 613 F.2d 722, 726 (9th Cir. 1979). Black's Law Dictionary defines "manifest error" as "[a]n error that is plain and indisputable, and that amounts to a complete disregard for the controlling law or the credible evidence in the record." Black's Law Dictionary (9th ed. 2009); *see also Roe v. Anderson*, 134 F.3d 1400, 1402 n. 1 (9th Cir. 1998) (noting that a district court abuses its discretion when it bases its ruling on an erroneous view of the law or a clearly errorneous assessment of the evidence).

It is well-settled that parties may not offer legal conclusions under the guise of expert testimony. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058–60 (9th Cir.2008) (noting that a district court may exclude expert testimony that largely consists of legal conclusions). The Court stated in its initial order on the parties' motions to exclude that such testimony improperly evades the province of the jury. Dkt. # 198 at 6. The Court drew its conclusion that Mr. Penn's testimony impermissibly touched on ultimate issues in this case directly from his written expert report. *See, e.g.*, Dkt. # 198 (noting Penn's conclusion in Opinion No. 8 that Hynix failed to use commercially reasonable efforts); *see also* Dkt. # 173-7 at 12 (Penn's conclusion in Opinion No. 6 that Hynix failed to give Microsoft "priority allocation"). The Court later clarified that Penn was permitted to testify about "priority allocation" and "commercial reasonableness" as it pertained to semiconductor industry standards and practices. Dkt. # 260 at 2. The Court then also made clear that this limitation applied equally to Penn's testimony about DRAM yields. Cypress' motion fails to demonstrate that the Court's ruling was based on an erroneous view of the law or a clearly erroneous assessment of the evidence. Accordingly, the motion for reconsideration is denied.

ORDER – 2

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Cypress' motion for reconsideration .

DATED this 19th day of March, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3